## AULTMAN & CO. v. WHEELER ET AL.

1. **Promissory Note: BREACH OF WARRANTY.** Defendant executed to plaintiff two promissory notes for a threshing machine, and at their maturity renewed them, but stated that there had been a breach of the warranty, for which he should claim damages: *Held*, that while the renewal of the notes admitted the debt, plaintiff would still be liable under the warranty as upon a distinct cause of action.

2. ———: ———: WAIVER. The execution of the notes on renewal would be presumptive but not conclusive evidence of a waiver of the claim for damages.

*Appeal from Montgomery Circuit Court.*

FRIDAY, DECEMBER 6.

ACTION upon two promissory notes. The defendants, for answer and counter-claim, aver that they purchased of the plaintiffs a threshing machine, and gave their notes therefor; that the plaintiffs warranted the machine; that there was a breach of the warranty; that after it was discovered they gave the plaintiffs the notes in suit, with additional security, in renewal of the notes given for the machine, but they say that they expressly declared and notified the plaintiffs' agent, when giving the notes, that they would not and did not waive their

rights to the damages they had sustained by reason of the breach of warranty, and that they would insist upon and assert their rights therein; and they say that by reason of the breach of the warranty they have sustained damages in the sum of four hundred dollars, and ask judgment for that amount.

The plaintiffs moved to strike out so much of the answer ·as sets up the declaration and notice to the plaintiffs, and the court sustained the motion, to which the defendants excepted.

The plaintiffs then demurred to the defendants' answer, upon the ground that the notes were shown to have been given in renewal of notes and in full settlement, and with additional security, for the purpose of procuring further time. The court sustained the demurrer, to which ruling the defendants excepted, and the defendants electing to stand by their answer, judgment was rendered for plaintiffs. Defendants appeal.

*Hewitt & Richards*, for appellants.

*Miller & Bartholomew*, for appellees.

ADAMS, J.—It is insisted by the plaintiffs that the notes in suit, given after the defendants had knowledge of the 1. PROMISSORY note: breach of warranty. breach of warranty, must be regarded as an abso-lute promise to pay the full purchase price, and furthermore that such promise, being in writing, cannot be contradicted by parol.

Where a person agrees in writing to pay a certain sum of money to a person named therein, he certainly cannot be permitted to show that it was agreed by parol, at the same time, that he should not be bound by the writing. If, then, the parol agreement sought to be shown in this case would have had the effect to contradict the notes, we think that the ruling of the court that such agreement could not be shown was correct. But the defendants' claim for damages, if they had sustained any, was of itself a cause of action. They may be considered, therefore, as admitting that their debt to the

Aultman & Co. v. Wheeler.

plaintiffs is truly evidenced by the notes, but claiming that the plaintiffs are indebted to them by reason of their agreement in the warranty which they have not performed.

The only remaining ground of plaintiffs' objection is that the giving of the notes, after knowledge of the existence of their claim for damages, should be considered as a waiver of such claim. That it would be evidence of such waiver no one would dispute. There is a natural improbability that a person would give his promissory note, and leave unadjusted an indebtedness due him from the payee. The giving of the note, then, is presumptive evidence that such indebtedness is no longer regarded as existing. The only question is as to whether the evidence is conclusive. The giving of the note is in the nature of an admission. The act unexplained might have the effect to conclude the defendants; but, if explained, it might be quite otherwise. If in this case the defendants wanted additional time, and the plaintiffs wanted additional security, and either party was not ready to undertake the adjustment of the defendants' claim for breach of warranty, and the defendants, to obviate the effect of the giving of the notes, accompanied their act with the statement that they did not waive their claim, it appears to us that a court or jury would be justified in believing that they did not. At all events, we think the evidence of waiver arising from the giving of the notes should not be regarded as conclusive, and that the judgment of the Circuit Court must be

REVERSED.