## KING ET AL. v. TOWSLEY.

1. **Sale of Machine with Warranty**: FAILURE OF WARRANTY: DUTY OF VENDEE TO RETURN MACHINE: WAIVER BY VENDOR: FACTS NOT CONSTITUTING. Where defendant purchased a corn-sheller of plaintiffs, upon their warranty that it should do good work, and under the agreement that, if it did not, defendant should give plaintiffs timely notice of the fact, and an opportunity to repair the machine, and that, if it still failed to do good work, defendant should return it, and receive back the cash and notes given upon the purchase; and the machine failed to do good work, and defendant repeatedly notified plaintiffs of the fact, who as often agreed to repair it, and urged defendant to keep it, and defendant, induced by such promises, did keep it and never returned it, though it never was made to do good work; *held* that these facts did not constitute a waiver on the part of plaintiffs of their right to have the machine returned under the contract, and that, in an action upon the notes given for the machine, defendant, still keeping the machine, could not avoid liability upon his notes; and much less could he, by way of counterclaim, recover the money already paid upon the machine.

2. **Sale**: WARRANTY: BREACH OF: CHOICE OF REMEDIES: SPECIAL CONTRACT. Where there is a failure of a warranty upon the sale of personal property, the vendee has his election, either to sue on the warranty, or to rescind the contract by returning the property, and bring his action for the money received by the seller. But the parties may contract what course is to be pursued in case the warranty fails, and in such case the provisions of the contract must be followed.

*Appeal from Cass District Court.*

MONDAY, JUNE 9.

ACTION ON A PROMISSORY NOTE. Defendant admits the execution of the note, but alleges that the consideration thereof has failed. He says that the note was given for part of the price of a corn-sheller sold him by plaintiffs; that said corn-sheller was warranted by plaintiffs to be well made, of good material, and to do good work; but that there has been a failure of this warranty in this, that the sheller would not do good work, nor could it be made to do good work. And, by way of counter-claim, defendant alleges the purchase of said machine under said warranty, and the failure of such warranty,

and that he had paid plaintiffs therefor the sum of two hundred and fifty dollars, for which sum he demanded judgment. There was a verdict and judgment for defendant for one hundred and sixty dollars, and plaintiffs appeal.

*Chapman & Chapman*, for appellant.

*A. S. Churchill*, for appellee.

REED, J.—The evidence given on the trial shows that on the twentieth of January, 1881, defendant gave to plaintiffs his written order, directing them to manufacture and ship to their agent at Atlantic, at his (defendant's) expense and risk of transportation, one six-horse sheller, and certain fixtures named, for which he agreed to give his notes for $250. The order contained the following provision: "This order is given subject to the following, to-wit: That the machine is to be of good material, to be made in a workmanlike manner, and to have the capacity named in your printed price list; and, in case of a failure in these qualities, timely notice of the same and opportunity is to be given you or your agent, so that, if possible, it may be made equal to the requirements above named, in which, if you or your agent fail, I to take the machine back to Atlantic, Iowa, (agent,) making no claim for damages, expenses, etc., whatsoever, only claiming a return of the notes and amount of cash given in settlement at the time of receving the machine."

The machine was sold on this order, and the note sued on was given for part of the price thereof,—defendant having paid one hundred and sixty dollars of the price before the suit was instituted. The evidence also tended to show a failure of the warranty, and that defendant notified plaintiffs' agent at Atlantic, soon after he received the machine, that it did not work in a satisfactory manner, and the agent promised that the defect should be remedied, and wrote to plaintiffs, at Ottawa, Ills., informing them of the complaint made by defendant; but nothing was done about the matter either by

plaintiffs or their agent.    After waiting some time, defendant again complained to the agent that the machine was not doing satsfactory work, and offered to return it; but the agent urged him to keep it, and assured him that plaintiffs would make it comply with the warranty.    In a third conversation he renewed his complaint, and again offered to return the machine, and was again assured that plaintiff would remedy the defect, and was urged to keep it.    Nothing further was done by either of the parties about the matter until in the following fall.    Plaintiffs had in the meantime appointed another party their agent at Atlantic.    Defendant saw this agent, and informed him that he was not able to make the machine work, and the agent, after corresponding with plaintiff, went to see it, and made an effort to remedy the defects, but was not successful.    Defendant never returned the machine to Atlantic, and he made no offers to return it, except those made to the agent from whom he received it.    When the evidence was all in, plaintiffs moved the court to direct the jury to return a verdict for them for the amount of the note, on the ground that defendant, having failed to return the machine, was liable for the price, notwithstanding the failure of the warranty.    The court overruled this motion, and gave the following instructions to the jury:

" If you find from the evidence that defendant, after receiving the corn-sheller in controversy, discovered that it was not so made and constructed as to suitably do the work for which it was purchased, and notified plaintiffs' agent of such defect, and offered to return the same, and plaintiffs failed to remedy the defect, and that the machine was worthless for the purpose intended by the parties, plaintiffs and defendant, and the defendant did not return the machine to plaintiff at Atlantic because the agent of plaintiff requested him to retain it, and promised to have it put in good order, the defendant is entitled to a verdict for the amount of the purchase money paid, and to have the note sued on returned to him."

"If the defendant, after discovering that the machine in

question was defective and worthless, if it was defective and worthless, and not suitable to do the work for which he purchased it, did not within a reasonable time notify plaintiffs or plaintiffs' agent of the defect, and did not return nor offer to return the machine, but kept the same, plaintiffs are entitled to recover the amount of the note and interest."

Appellants assign the overruling of their motion and the giving of these instructions as error. The contract between the parties is embodied in the portion of the written order quoted above. It is stipulated that, if the machine failed to comply with the warranty, and plaintiffs (or their agent) are not able to remedy the defect, the sale shall be rescinded by the return of the machine by defendant to the agent at Atlantic, and the surrender by plaintiffs of the money or notes received by them for it. It is well settled in this state that, when the parties have not stipulated as to the course which shall be taken in case of the failure of the warranty, the vendee has his election either to sue on the warranty, or to rescind the contract by returning the property and bringing his action for the money received by the seller. *Aultman, Miller & Co. v. Theirer*, 34 Iowa, 272; *Rogers v. Hanson & Co.*, 35 Id., 283; *McCormick & Bro. v. Dunville*, 36 Id., 645. It is competent, however, for the parties to provide by contract that a particular course shall be pursued on the failure of the warranty. They have done this in the present case, and by their stipulation have limited defendant to a rescission of the contract.

It is not claimed, however, that defendant did rescind the contract, but the claim is that the provision requiring a rescission has been waived, and the district court, in the rulings complained of, proceeded on the theory that there was some evidence tending to show such waiver. We have set out the substance of all the evidence which it is claimed has any bearing on the question, and in our opinion it does not tend to show a waiver of this requirement of the contract. It shows that, during the spring of 1881, defendant was in-

duced not to rescind, by the promise of plaintiffs that they would remedy the defects in the machine, and make it comply with the warranty. This is what they agreed in the contract to do, and, until they had an opportunity to do it, defendant had no right to rescind. It is very evident that the parties regarded the contract as still in force in the fall, for defendant then notified the new agent that he could not make the machine work, and the agent went to see it and attempted to remedy the defects, but failed. That the defendant had the right at that time, and before that, to rescind, is not doubted, but there is nothing in the evidence which indicates any intention by plaintiffs to waive the provision of the contract requiring a return of the machine, in case it should finally turn out that they were unable to make it comply with the warranty.

Defendant retains the machine, but does not even express a willingness to return it; and it is clear, we think, that by the terms of the contract he cannot retain it, and at the same time avoid paying the contract price for it. The judgment of the district court is, therefore, reversed, and the cause is remanded for a new trial.

REVERSED.