## WARDER, BUSHNELL & GLESSNER V. ROBERTSON.

| 75 | 585 |
|----|-----|
| 88 | 613 |
| 75 | 585 |
| 94 | 149 |
| 75 | 585 |
| 102 | 560 |
| 75 | 585 |
| 122 | 702 |
| 75 | 585 |
| 128 | 419 |

Sale: OF MACHINE : BREACH OF WARRANTY : RETURN : WAIVER BY AGENT. Plaintiffs sold defendant a machine upon a written warranty that it would do good work; and the contract provided that if it did not work well defendant should notify plaintiffs, and if, on a second trial in plaintiffs' presence, it did not work as warranted, it might be returned, and the money would be refunded. The machine was sold by P., an agent of plaintiffs, whose duty it was to act for plaintiffs in all matters relating to the working of the machine. It failed to work, and defendant gave P. notice of that fact, but neither he nor any one for plaintiffs appeared to witness a second trial, upon which defendant's right to return the machine was conditioned by the contract. *Held* that, by such failure of plaintiffs, that condition of defendant's right to return the machine was abandoned, and that his right to return it and rescind the sale was the same as if that condition had never existed; and that, though the agent had no power to waive any condition of the contract, he had authority, after such failure of plaintiffs, to waive the return of the machine by defendant, and to authorize him to store it on his farm, when he elected to rescind the sale on account of the breach of the warranty. (Compare *Pitsinowsky v. Beardsley,* 37 Iowa, 9).

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, OCTOBER 22, 1888.

ACTION on two promissory notes. Answer that the notes sued on were given for the price of a combined reaper and mower, which was sold to defendant by plaintiffs with a warranty which had failed, in consequence of which the machine was worthless, and the consideration of the notes had wholly failed. Verdict and judgment for defendant. Plaintiffs appeal.

*E. Keeler,* for appellants.

*Jamison & Mellett,* for appellee.

REED, J.—The machine for the price of which the notes were given was sold with the following warranty : "This machine is warranted to be of good material, and well made ; and if a single reaper, and properly operated, will cut from ten to fifteen acres of grain per day ; or if a combined machine, and properly operated, will cut from ten to fifteen acres of grass per day, with two horses and a driver ( and if a self-raker, to do its own raking as well as can be done by hand ; and if a dropper, as well as any other dropper ), and cut any kind of grass as well as any other combined machine ; and if a single mower, and properly operated, will cut as many acres of grass per day, with two horses and a driver, and cut any kind of grass, as well as any single mower of the same size. It is understood that this warranty is invalid and of no effect unless the machine is properly set up and operated, as per our directions. If said machine does not perform as above warranted, notice must be given to Warder, Bushnell & Glessner, Chicago, Ill., subject to a second trial in their presence ; when, if the failure is found not to have arisen from any defect in the machine, it shall be kept by the purchaser, and continued use shall be conclusive proof that it fills the warranty. But if on said second trial said machine does not work as above, it may be returned to us, and the money will be refunded." On the margin of the paper on which the warranty was printed appeared the following: "Not valid unless countersigned by J. M. Paul, agent, without addition or erasure." The sale was made by Paul, and he delivered the warranty to defendant at the same time the notes were executed. Defendant had received the machine before that, and had set it up and used it in cutting some grass, but it did not work satisfactorily. On the day before that on which the notes were executed Paul took the machine to the field of a neighbor of defendant, and set it up, and gave it a trial in cutting oats ; but defendant was not present at the trial. After Paul left, defendant used it for three days in the same

field, but found difficulty in making it work. He afterwards cut ten acres of grass with it for another neighbor; also some grain and grass for himself, but it worked badly all of the time. He notified Paul twice during the time of the trouble he was having with the machine, but the latter did not go to see it, or witness any trial of it. He, however, on one occasion, gave defendant some "extras" to replace parts of it which, owing to the manner of its working, had worn out, and directed him to store it at the end of the season, and promised that he would set it up the next year, and put it in condition to work according to the warranty. One of the conditions of Paul's contract of employment with plaintiffs was that he would see that every machine sold by him was properly set up and operated, and assist the purchaser in operating it during the harvest, and see that it was kept in proper order, and did good work, and was operated according to the printed instructions, a copy of which he was required to give to the purchaser. The next year another agent of plaintiffs made some repairs to the machine, but did not witness a trial of it; and, when defendant attempted to operate it, it worked as badly as it had done the previous season. He reported the failure to the agent, who furnished some additional "extras," and directed him to give it another trial, and, if it still failed to work, to lay it aside. Defendant gave it another trial, but again failed to make it work, and he stored it on his farm, where it remained at the time of the trial. The evidence tended to show that the machine was worthless for the purpose for which it was intended.

The district court instructed the jury, in effect, that the agents had authority to waive the conditions of the warranty which required a trial in plaintiffs' presence before defendant would have the right to rescind the sale by returning the machine, and left it to them to say whether what was done amounted to a rescission. The only question in the case is as to the correctness of the instructions. It will be conceded that as defendant had notice, by the condition on the margin of the warranty,

that the agent had no authority to make any alteration of the contract before delivery, he could not avail himself of any attempted waiver of its conditions subsequently made by the agent, if he desired to rescind the purchase under its provisions. But that is not the case which the evidence tended to establish. Plaintiffs had neglected to perform the condition which by the terms of the contract was made a condition precedent to the right of rescission, viz., to witness a trial of the machine after notice of the defect. No point is made as to the sufficiency of the notice. Their contract with Paul shows that they relied upon him to act for them in all cases of that kind arising under sales made by him ; and as he was the one who was to witness the trial and remedy the defect, if it could be remedied, notice to him answered all the purposes of a notice to them. By failing to perform that condition of the contract they, in effect, abandoned it. But such abandonment did not affect either their liability or the rights of defendant under the warranty. When the breach occurred, and they neglected to perform their undertaking, he had the right, independent of the contract, to rescind the sale because of such breach and neglect. It was competent for the parties to make provision as to the course to be pursued in case of a failure of the warranty, as was held in *King v. Towsley*, 64 Iowa, 75. But when plaintiffs neglected to perform the undertaking on their part, the performance of which was precedent to defendant's right to avail himself of the remedy provided by the contract, its remedial provisions were abandoned, and he could avail himself of such remedies as would have been open to him if that condition had never been embodied in the contract. The question, then, which arose upon the trial was not whether the agent had the power to waive a condition of the contract, but whether he had authority to waive what but for such waiver would have been essential, independent of the contract, to a rescission of the sale, viz., the return of the property. In that regard the language of the instructions is not strictly accurate. But the general doctrine of the

instructions is that, upon the proven facts (as to which there was no controversy), the agent had authority to waive the return of the property. Upon its facts the case is within the holding in *Pitsinowsky v. Beardsley*, 37 Iowa, 9 ; which is that an agent having power to sell and deliver personal property, with a warranty as to quality, has authority to waive the return of the property when a rescission of the sale is attempted because of a failure of the warranty.

AFFIRMED.