## James M. Bretz
### v.
## William Fawcett.

*Sales—Warranty—Recoupment—Instructions.*

The purchase of goods with warranty may, in a suit to recover the contract price, recoup damages suffered by him through breach of the warranty, although after receiving the goods he promised to pay the contract price.

[Opinion filed November 23, 1888.]

Appeal from the Circuit Court of Sangamon County; the Hon. J. A. Creighton, Judge, presiding.

Messrs. Conkling & Grout, for appellant.

It is beyond dispute, from the testimony, that appellant, without knowledge of what was necessary to make a first-class job, relying upon the statement of appellee that he was competent to do the work and would do a first-class job, ordered the castings for a particular purpose, which appellee well knew, at a certain price; it is also beyond dispute that the castings were not a good job and utterly failed to do what they were intended for, and were utterly worthless except for old iron. Appellant had the right to recoup the difference between the contract price and actual value and keep the castings. Benjamin on Sales (4th Amer. Ed., Bennett,) Sec. 894, p. 1043; 1 Sutherland on Damages, pp. 278–279; Babcock v. Trice, 18 Ill. 421; Crabtree v. Kile, 21 Ill. 183; Mears v. Nichols, 41 Ill. 211; Benjamin on Sales, Sec. 847, p. 1045.

In Cantrall v. Fawcett, 2 Ill. App. 571, a note was given for machinery, partly paid, and new note given for balance, and yet recoupment was allowed. Nothing was said about the damages when note was given and the court allowed the recoupment. The court say: "The contract of warranty, if there was one, might remain, even were the note paid off, and suit might afterward be brought for the breach of it."

The jury might take into consideration, in determining whether his damages were as large as he claimed, the fact that he said nothing to the collector and attorney about them, or that he promised to pay, if they thought he promised, but it was not a bar. Babcock v. Trice, 18 Ill. 421; Cantrall v. Fawcett, 2 Ill. App. 571.

Messrs. H. A. STEVENS and JONES & SALZENSTEIN, for appellee.

Under the law as we understand it, and as stated by the Circuit Court in appellee's first instruction, if Bretz knew that said grates, doors and frames were defective, and not in accordance with the contract, and after having used them for a long time, came to a settlement with Fawcett through Crafts or Stevens for $150.50, and agreed that that was the balance due Fawcett, he would be estopped from setting up and recouping the damages claimed against said sum of $150.50. Throop v. Sherwood, 9 Ill. 92; Hill v. Parsons, 110 Ill. 110; Pynchon v. Day, 118 Ill. 9.

CONGER, J. This was a suit brought by appellee against appellant for the price of certain castings, doors, grates and frames, for a brick kiln, furnished appellant by appellee. The defense was that there was a warranty as to their fitness for the purpose intended, a failure of such warranty, and therefore a right to recoup the damages occasioned thereby against the contract price.

In answer to this, appellee relied upon proving that appellant had admitted the account and promised to pay it.

The following instruction was asked for by appellant:

"If the jury believe from the evidence that plaintiff agreed to furnish defendant with grates, doors and frames for brick kilns, and agreed to do a first-class job, then it was the duty of the plaintiff to furnish first-class doors, grates and frames, fit for the purpose for which they were intended; and if the jury believe from the evidence that the plaintiff did not furnish first-class doors, grates and frames, then he can not recover any more than the jury believe from the evidence the grates, doors and frames were reasonably worth when furnished."

But the court refused to give the instruction as asked, but modified the same by adding: "Unless they believe from a preponderance of the evidence that defendant, after receiving the articles and knowing their character, made settlement with plaintiff's agent and agreed that he owed for said grates, doors and frames a certain sum."

This modification we think worked injustice to appellant, and was erroneous in conveying the idea to the jury that if he failed to claim his damages when the bill was presented, but promised to pay for the articles furnished according to the contract price, he would be precluded from afterward claiming damages for a failure of the warranty.

We understand the law to be, where one purchases goods with a warranty he may, after admitting the correctness of and promising to pay the contract or purchase price of the goods, when sued for such price, recoup any damages resulting from a breach of the warranty; or he may even pay the price and afterward recover such damages in a separate suit. Benjamin on Sales, Sec. 847; Aultman & Co. v. Wheeler, 49 Iowa, 647; Cantrall v. Fawcett, 2 Ill. App. 571.

For this error the judgment of the Circuit Court will be reversed and the cause remanded. *Reversed and remanded.*