## THE TOLEDO SAVINGS BANK v. RATHMANN.

1. **Sale :** WARRANTY: WAIVER. Defendant bought a scale upon a warranty, and before it was tested he voluntarily gave his note for the purchase price, but the note was for the agreed price, and was payable at the time the contract of sale required payment to be made. *Held* that the giving of the note was not a waiver of the warranty, in the absence of any showing that a waiver was intended. (Compare *Aultman v. Wheeler*, 49 Iowa, 647.)

2. **Evidence :** INCOMPETENCY. NO OBJECTION. A judgment cannot be reversed in this court on the ground that the verdict was based upon incompetent evidence, where no objection as to the competency of the evidence was raised in the trial court.

3. **Instructions :** SPECIAL INTERROGATORIES. The court required the jury to find specially whether there was any consideration for the note sued on. *Held* not objectionable on the ground that it called for a legal conclusion, since the court also charged the jury that if the scale for which the note was given was utterly worthless when delivered, there was a failure of consideration for the note.

4. **Sale:** FAILURE OF CONSIDERATION AND BREACH OF WARRANTY: VERDICT. Where the defenses to a note given for a scale were a failure of consideration and a breach of warranty, and the evidence established the first defense, the latter became immaterial, and a simple verdict for defendant was properly returned.

5. ———: ———: IMMATERIAL AMENDMENT. In such case, an amendment to plaintiff's reply, stating that defendant had never rescinded the contract nor returned the scale, nor offered to do so, was properly stricken from the files, because the contract did not require a return of the scale in any event, and defendant was under no obligation to rescind the contract, and the facts stated in the amendment did not affect his right to recover on either of his defenses

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 4, 1889.

ACTION to recover an amount alleged to be due on a promissory note. There was a trial by jury, and a verdict for defendant, upon which judgment was rendered for costs. The plaintiff appeals.

*J. H. Struble,* for appellant.

No appearance for appellee.

ROBINSON, J.—On the eighth day of August, 1887, the defendant gave to the Howe Manufacturing Company an order for a six-ton standard scale. The scale was delivered and set up and tested by an agent of the seller, and, so far as then ascertained, it was satisfactory to defendant. The note in suit, dated August 25, 1887, for $132.50, due sixty days after its date, was then given. At the same time defendant paid the agent ten dollars, which was endorsed on the note. Before the note became due, it was sold to plaintiff, but not endorsed until after maturity. Defendant admits the making of the note, but claims that the consideration therefor wholly failed; that the scale for which it was given was warranted to be made in a durable and workmanlike manner, and to give standard United States weights, but

proved to be worthless; also that it was warranted by the Howe Manufacturing Company to be made in a durable and workmanlike manner, and to give standard United States weights; that the warranty was false, and that he has been damaged in consequence in the sum of three hundred dollars. He demands judgment for costs, and asks that his damages be offset against the claim of plaintiff.

I. The order for the scale did not, in terms, require the giving of a note in settlement, although it required payment as provided in the note. Appellant insists that the giving of the note, after the scale was set up and tested, must be regarded as a full settlement for the scale and the warranty thereof, for the reason that it was not required by the contract of the parties but was voluntary on the part of defendant. When the note was given, the approaches to the scale had not been constructed, and there is nothing in the record to indicate that the test made was regarded as final and conclusive, nor was any intent to waive the warranty shown. In our opinion, the giving of the note should not have the effect claimed for it by appellant. *Aultman v. Wheeler*, 49 Iowa, 647.

1. SALE: warranty: waiver.

II. Appellant contends that the verdict is not sustained by the evidence, and that much of the evidence introduced was incompetent. Most, if not all, the evidence in question was admitted without objection. It did not show tests made by experts by means of standard weights, it is true, but it tended strongly to show that the scale was unreliable and of no value, and it must be regarded as sufficient, for the purposes of this appeal.

2. EVIDENCE: incompetency: no objection.

III. The jury found specially that there was no consideration for the note in suit; that the scale was not as warranted at the time of its delivery to defendant; and allowed no damages by reason of the breach of the warranty. Some objection is made to the form of the interrogatory submitted to the jury, which was as follows: "Was there any consideration for the note sued on?" The

jury were charged that, if the scale was utterly worthless and without value when delivered, there was a failure of consideration for the note. We think, in view of the charge, that the interrogatory in question was proper, and not objectionable on the ground that it called for a legal conclusion.

IV. It is urged that the scale was of some value, even though worthless for the purpose for which it was sold; hence that defendant was limited in his defense to damages which resulted from the breach of warranty; that, since the jury allowed nothing for damages, the verdict is contrary to the evidence, and a new trial should have been awarded. The jury were warranted in finding, from the evidence, that the scale was without value, and, having so found, it was their duty, under the charge of the court, to allow nothing on the warranty, and to return a verdict for the defendant. We think the charge was authorized by the facts in the case. There was no question of a rescission of the contract of purchase in issue. The defenses relied upon were a failure of consideration and breach of warranty. The first defense having been sustained, the other was immaterial.

*4. SALE: failure of consideration and breach of warranty: verdict.*

V. After the verdict of the jury had been returned, the plaintiff, by leave of the court, filed an amendment to its reply, in which it alleged that defendant had never rescinded, nor offered to rescind, his contract of purchase, and had never returned, nor offered to return, the scale. Afterwards, and before judgment, the amendment was stricken from the files by the court on its own motion. In this there was no error. The facts alleged in the amendment would not affect the right of defendant to recover on either of the defenses he had pleaded. The contract for the scale did not require its return in any event, and defendant was under no obligation to rescind the contract. We discover no ground for reversing the judgment of the district court. It is therefore

