The Aultman & Taylor Co. v. Trainer.

AFFIRMED.

---

THE AULTMAN AND TAYLOR COMPANY v. TRAINER.

Promissory Note: FAILURE OF CONSIDERATION: DEMURRER TO ANSWER. In an action upon a promissory note given for a threshing machine, defendant pleaded failure of consideration, on the ground that the machine was worthless for the purpose for which it was sold and purchased; that defendant promptly notified plaintiff's agents of that fact, and requested them either to make it work, or take it back and return the note, which plaintiff refused to do. *Held* that the answer was not demurrable on the ground that it failed to allege that the note was procured by deception or fraud, since a dishonest purpose is not necessary to a failure of consideration, nor on the ground that defendant did not seek to recover damages or base his defense on a breach of warranty, oral or written, connected with the sale of the machine; for that was not necessary to a defense based upon failure of consideration; nor on the ground that the answer failed to show an offer to return the machine, for it sufficiently showed such offer.

80   451
94   147
80   451
122   707

*Appeal from Ida District Court.*—HON. J. H. MACOMBER, Judge.

FILED, JUNE 3, 1890.

ACTION on promissory note. The important portion of the answer is as follows: "Further answering, defendant says that at or about the date of said note defendant purchased from the plaintiff one threshing-machine separator, for which the defendant gave the promissory note herein sued upon in payment; * * * that the consideration for which said note was given wholly failed, for the reason that the said threshing-machine separator proved to be utterly valueless for the purpose for which the same was purchased by the defendant and sold by plaintiff, to-wit, the purpose of threshing grain; that the defendant promptly notified the plaintiff, through their said agents, of said fact, and requested them either to make the machine do the work intended for it, and expected from it, and gave them opportunity of repairing the same, or take the same off his hands, and return the said note, which the plaintiff has failed and refused to do." To the answer the plaintiff filed a demurrer in these words: "*First.* That said answer sets up as a defense to plaintiff's cause of action a total failure of consideration of the note sued on in plaintiff's petition, and fails to allege that said note was obtained by fraud or misrepresentation, or that deception was in any manner practiced. *Second.* Neither does said defendant seek to recover damages or base his defense on breach of warranty, either oral or written, connected with the sale of the property for which said note was given; and his answer fails to show an offer to return the property to this plaintiff." The demurrer was sustained, and, without further pleading, judgment was entered for plaintiff, from which defendant appeals.

*L. A. Berry*, for appellant.

*C. W. Rollins*, for appellee.

GRANGER, J.—In a law action a demurrer should distinctly state the objection to the pleading, or it will be disregarded ; and objections not stated will not be considered. These rules are familiar. The plea in the answer is a total failure of consideration for the note sued on.

I. The first ground of the demurrer is that the answer fails to allege that the note was obtained by fraud, misrepresentation or deception. A failure of consideration is not necessarily dependent on either of such facts. A failure of consideration may be consistent with an honest purpose by both parties. To illustrate: A. sells to B. his horse, taking B.'s note. B. loses the horse because of the failure of A.'s title. There is a failure of consideration for the note, although both acted in good faith. The answer is not defective merely for a failure to state one of such facts.

II. The second ground of the demurrer requires that we should determine if, to sustain his plea of failure of consideration, the defendant must seek to recover damages for, or base his defense on, a breach of warranty connected with the sale of the property. We are not, under the statements of the demurrer, to inquire as to whether a failure of consideration involves a warranty or a breach thereof, but only if the party pleading a failure of consideration must seek damages for a breach of warranty, or aver a breach of warranty as a basis for his defense. We need only say that we are cited to no authority supporting such a view, and we know of none. A difficulty appellee has to contend with is that the language of the demurrer does not bring it within the rule of the cases cited.

It is also said in the second ground of the demurrer that the answer fails to show an offer to return the property to the plaintiff. That objection is not supported by the facts. The answer states that defendant notified the agents of plaintiff of the facts, and gave them an opportunity to repair the separator or take it

off his hands, and return his note, which plaintiff failed and refused to do. The law requires nothing more. There was no effort to have the statements of the answer as to the offer made more specific, and we cannot assume that the offer was not a proper one. We are not to be understood as giving the answer an approval more than to say it is not vulnerable to the attacks made upon it by demurrer.          REVERSED.