THE MCCORMICK HARVESTING MACHINE COMPANY V. D. M. BROWER, Appellant.

**Warranty:** FAILURE OF CONSIDERATION. The fact that an article sold is entirely worthless will defeat an action for the purchase price, though there be no fraud or breach of warranty.

SAME. A vendee cannot recover for breach of warranty where the warranty is a conditional one, and he has failed to fulfill the conditions.

SAME. WAIVER. In an action for the price of a machine, on the sale of which it was provided, as a requisite to a claim under the warranty, that, if upon one day's trial it did not work well, the buyer was to give immediate notice, and allow the seller time to send a person to put it in order, there was evidence that defendant received the machine set up for work late Monday afternoon, and in the presence of plaintiff's agent, tried to operate it until Tuesday noon; that the machine did not work well during that time; that the agent then left, with directions to defendant to continue to work the machine, saying that he would be back in a day or two, and, if defendant was not pleased with the machine, he would fix it; that defendant requested him to stay and fix the machine, or to send a man to do it; that defendant endeavored to make the machine work until Friday of the same week, when, the agent not having returned, he notified the agent who sold the machine that it was not working right. *Held*, there was sufficient evidence on which to go to the jury with reference to the trial of the machine and notice to the agent who sold it, and whether there had been a waiver thereof.

SAME. It was provided on the sale of a machine that it should be returned "at once" if it could not be made to work well by the seller's agent upon his being notified of the defect, and there was evidence that the defendant offered to return the machine to the agent, and that the agent asked defendant to keep the machine until he saw the company, and said that he thought they would take it down and ship it away. *Held*, that the question as to a waiver of a return of the machine by the defendant was for the jury.

SAME. In an action for the price of a machine, on the sale of which it was provided that, if upon one day's trial it should not work well, the buyer should give immediate notice, and allow the seller time to send a person to put it in order, and that, if it could not then

be made to work well, the buyer might return it, there was evi-
dence that the plaintiff's agent was present at the first day's trial,
and saw that the machine was not working well, and that he
promised to return in a day or two and fix it if defendant was not
satisfied with it; that defendant told him when he left that the
machine was not working right; that this agent did not return;
that when defendant, after four days, notified the agent from whom
he bought the machine that it would not work, the latter asked
him to keep the machine until he saw the company, as they would
probably take it down and ship it. *Held,* that it was a question
for the jury whether plaintiff waived the privilege of sending a
person to put the machine in order.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-
GATE, Judge.

THURSDAY, APRIL 4, 1895.

Action at law to recover the purchase price of a
binder. Defense, breach of warranty and failure of
consideration. Trial to a jury, and, at the conclusion of
defendant's testimony, the court directed a verdict for
plaintiff, and defendant appeals.—*Reversed.*

*White & Clark* for appellant.

*D. W. Woodin* and *N. T. Guernsey* for appellee.

Deemer, J.—This case has once been before this
court. See 88 Iowa, 607, 55 N. W. Rep. 537. The contract
upon which plaintiff predicates its action is there set out,
and need not be repeated here. After the case was
remanded to the district court, the defendant reformed
his answer, and pleaded that plaintiff, through one
Charles Armfield, who was then acting for George Arm-
field, the agent of the plaintiff, waived notice of the fail-
ure of the machine to work well after one day's trial, and
verbally agreed to come back in a few days after full
trial of the machine had been made, and to make
the machine work well, and that, relying upon this

promise defendant did not give any other notice to George Armfield of the failure of the machine to work until about four days after he received it; that he then notified George Armfield of the failure of the machine to work, and offered to return the machine; but that Armfield requested defendant to retain it where it was, and that he (Armfield) would have it boxed up and shipped to plaintiff, and then and there agreed to receive the machine where it was, and waived the return thereof to plaintiff. He also alleged that the machine was not made of good material, and did not work well; was of excessive draught, and failed to properly elevate the grain; that the binder would not work during a great portion of the time; and that the elevator clogged,—of all of which plaintiff had notice. In a second count to his answer, defendant repeated all the foregoing matters of defense, and further alleged that the machine was wholly worthless, and that the consideration for the contract had wholly failed. In a third count defendant pleaded a counter-claim, alleging that, if the machine had been as represented, it would have been worth the purchase price, but that as it was it was worth nothing, and that defendant was damaged on account thereof the sum of two hundred dollars, and lost time and grain by reason of the failure of the machine to work, of the value of one hundred dollars. The second count of the answer was stricken out on motion as irrelevant and immaterial matter, and to the third count a demurrer was sustained, and to each of these rulings defendant excepted.

I. The second count of the answer realleges the warranties and defects, and further asserts that the

machine was wholly worthless, and of no value for any purpose whatever, and that the consideration for the contract has wholly failed. It is insisted by appellant that this presents a good defense to the suit, for the reason that the warranty is an absolute one, and the provisions relating to notice and return of the machine simply qualified appellant's right to rescind and return the machine in case of breach, and did not destroy his right to defend for an entire failure of consideration. This presents a question on which there is much diversity of opinion. It is the doctrine of some of the cases that, in the absence of fraud or warranty in the sale of personal property, it is no ground for defeating the action that the article proves so defective in quality as to be worthless. *Hunting v. Downer* (Mass.), 23 N. E. Rep. 832; *Bryant v. Pember*, 45 Vt. 490; *Mason v. Chappell*, 15 Grat. 572. Other cases announce the rule that if the article is wholly worthless, and is of no value to either party, there is an entire failure of consideration, without reference to whether there be fraud or a breach of warranty. *Compion v. Parsons*, 76 Mo. 455; *Brown v. Weldon* (Mo. Sup.), 13 S. W. Rep. 342; *Hart v. Wright*, 18 Wend. 454; *Johnston v. Smith*, 86 N. C. 499; *Barr v. Baker*, 9 Mo. 840; *French v. Gordon*, 10 Kan. 370. It seems to us that we have adopted the doctrine of these last authorities in the following cases: *Aultman & Taylor Co. v. Trainer*, 80 Iowa, 451, and *Bank v. Rathmann*, 78 Iowa, 288. But, if we have not done so, the good sense and equity of the rule so commends itself to our judgment that we now adopt it as the better doctrine, and hold that if the article sold is entirely worthless and of no value whatever, if the buyer obtains no benefit, and the seller parts with nothing, there is no consideration for a promise to pay therefor. Entertaining this view of the law it is entirely immaterial for us to determine

in this connection whether the express warranty was absolute or conditional, or, indeed, whether there was any warranty at all or not. The lower court should have overruled the motion attacking the second count.

II. The third count, in so far as it pleads a counterclaim, must be based upon the warranty. By turning to the contract sued upon, it will be seen that the warranty is a conditional one, and that the rights and liabilities of the parties thereunder are specified in the contract; and, as defendant has paid no part of the purchase price, it is manifest he cannot recover damages for the alleged breach of warranty. *King v. Towsley,* 64 Iowa, 75; *Davis v. Robinson,* 67 Iowa, 355; *Russell v. Murdock,* 79 Iowa, 101. The demurrer to the third count was properly sustained.

III. Complaint is made of the court's ruling in directing the jury to return a verdict for the plaintiff. There was testimony showing that the machine did not work well; that it was heavy of draught; that the elevators did not do their duty; that the binder failed in its work; and that there were some other serious and material defects in the machine. Appellee contends, however, that the defendant did not, after one full day's trial, give immediate notice to its agent and allow time for it to send a person to put it in order; that he refused to allow an expert to come and repair the machine; and that he did not return it to the agent from whom he received it. The testimony tended to show that defendant received the machine set up for work late Monday afternoon; that under direction of Charles Armfield, who was sent by some one representing the plaintiff to set up and start the machine, he operated the machine, or tried to do so, in the presence of Armfield, until about Tuesday noon; that the machine did not work well during this time, and that Armfield left, with directions to defendant

to continue to work the machine, saying that he would be back in a day or two, and he knew defendant would be pleased with the machine, and that, if not, he would fix it. There was also testimony tending to show that the machine did not work well during any of the time that Armfield was present, and that he was fully cognizant of the fact, and that defendant said to him: "If you know how to fix it, stay and get dinner and fix it. If you don't, go to town and tell George to send a man who does." And Armfield then promised to be back in a day or two and fix it. Defendant endeavored to make the machine work until Friday of the same week, relying, as he says, on Charles Armfield's promise to return and fix the machine; and, as he did not come, he then went to the agent from whom he purchased it, and notified him that it was not working right. It seems clear to us that there was sufficient evidence with reference to the trial of the machine and notice to the agent who sold it, or of waiver thereof, to take the case to the jury on these propositions. *Machine Co. v. Russell*, 86 Iowa, 556; and the former opinion in this case, 88 Iowa, 607, paragraph 4. There was also testimony tending to show that defendant offered to return the machine to George Armfield, the agent of whom he purchased it, and that Armfield said: "I would rather you would keep that machine down there a while. I would rather see the company. I think they will knock it down and take it to Kennedy and ship it to Des Moines." There was sufficient evidence of waiver of the return of the machine to take the case to the jury on this point. *Warder v. Robertson*, 75 Iowa, 585, and the former opinion of this court.

The only point remaining is, was there testimony tending to show that the plaintiff, after receiving notice of the defect in the machine, or after having waived such notice, was allowed time to send a person to put it

in order, or to show that there was a waiver by the agent of the company of this privilege? On the former trial the testimony showed without conflict that, upon notice being given that the machine did not work well, George Armfield proposed to telegraph for an expert to put the machine in order, and agreed to have him at defendant's house next morning, but defendant would not permit him to do so. The testimony on the last trial was somewhat different, although some confusion is apparent in it. Defendant says at one time that he never objected to the agent's sending a man out to fix the machine if he would give assurance that the machine would work all right. It is true that at another time he said that he refused to allow a man to be sent out unless the agent would guaranty the oats crop. Aside from this, however, we think the case should have been submitted to the jury, as there was testimony tending to show that Charles Armfield, who was sent to set up the machine by the company, knew the machine was not working well on Tuesday, when he left the defendant's place; that he promised to return in a day or two and fix it if defendant was not satisfied; and that defendant told him when he left that the machine was not working right. And there is evidence from which the jury might have found that Charles Armfield knew from the test which had been made that in its then condition it would not work well. Defendant also told Charles Armfield that, if he did not know how to fix it, to go and tell George Armfield to send some one out who could; that, in response to this, Charles Armfield said to keep working the machine, and he would be back in a day or two and fix it if defendant was not satisfied. Charles Armfield never came back as promised, and defendant then went and complained to George Armfield about it, and the jury may well have found that George Armfield agreed

to get the machine and ship it to Des Moines. This testimony not only indicates that plaintiff had ample opportunity to send a person to put the machine in order after its agents knew it was not working well, but that they waived the privilege they had of sending a person to put the machine in order. The case in this respect is quite like that of *Machine Co. v. Russell, supra.* There appears to be evidence tending to support every allegation of the answer, and we think the case should have gone to the jury. *Hickman v. Cruise,* 72 Iowa, 528; *Sperry v. Etheridge,* 63 Iowa, 543. Our conclusions are supported to some extent by the case of *Manufacturing Co. v. Feary* (Neb.), 58 N. W. Rep. 713, and *Warder v. Robertson,* 75 Iowa, 585.

For the errors above pointed out, the judgment of the district court is *reversed.*