MASSILLON ENGINE & THRESHER COMPANY, Appellants, v. JOHN C. SHIRMER.

**Warranty:** STIPULATION AS TO USE: WAIVER: EVIDENCE. In an action to recover for a threshing machine outfit sold on a warranty providing that six days' possession or use should be conclusive evidence that the warranty was fullfilled, the evidence is considered and held to show waiver of the provision, and that the purchaser could rely on the warranty though retaining the machine.

**Breach of Warranty:** DAMAGES. Where there is a breach of warranty a purchaser may recover his actual damages, although he pleads that the machine was worthless when in fact it had some value.

*Appeal from Kossuth District Court.*—HON. W. B. QUARTON, Judge.

WEDNESDAY, FEBRUARY 10, 1904.

Upon rehearing, former opinion reported in 93 N. W. Rep. 599 is withdrawn.

SUIT in equity to recover on notes given for the purchase price of a threshing machine outfit, and to foreclose a chattel mortgage given to secure the same. Defense and counterclaim, failure of contract and breach of warranty. There was a judgment for the defendant, from which the plaintiff appeals.—*Affirmed.*

*Clark & Cohenour* for appellant.

*Bonar & Fellows* and *Carr, Hewitt, Parker & Wright* for appellee.

SHERWIN, J.—The threshing outfit purchased of the plaintiff consisted of a second-hand steam engine, for which the defendant agreed to pay $1,000, and a separator, a grain weigher, an automatic stacker, a self-feeder, and a water tank, together with a tnnk, pump, belting, and appliances ne-

cessary to properly operate such machinery, for which the defendant agreed to pay the further sum of $935; the total purchase price of the outfit being $1,935, for which sum the defendant executed his notes before the property was delivered to him.    Later the self-feeder was returned to the plaintiff and credit therefor given the defendant on his indebtedness.    Payments were made on the notes from time to time by the defendant, aggregating the sum of $641.50, and there was also paid thereon the further sum of $455, realized from the sale of a part of the mortgaged property; such total payments amounting to $1,096.50.    The defendant did not rescind the contract of purchase, but he pleaded a counterclaim based upon an alleged breach of the contract of warranty contained in the written orders given by him for the outfit. There is some conflict in the evidence on this branch of the case, but we are thoroughly convinced that a breach of the contract of warranty is fully proven, and that the defendant is entitled to recoup his damages therefor.    The contracts of warranty contain the provision that "continued possession or use of the machinery for six days shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the purchaser, and that he agrees thereafter to make no further claim" on the plaintiff "under the warranty."    The contracts also contain the usual agreement for written notice to the seller, and to the agent of whom bought, in case the machinery fails to comply with the warranty, and the usual stipulation that opportunity shall be given the seller to remedy defects, with the friendly assistance of the purchaser.

The machinery was delivered to the defendant either on the 30th or 31st day of July, 1895, and his possession and use thereof continued for two years, at least; but it does

1   WARRANTY:   not necessarily follow that the provision as to
stipulation as   such continued possession and use, or that the
to use: waiver
evidence.       stipulation with reference to notice, estops him
from relying on the breach of warranty.    The defendant's written orders for the machinery were taken by Mr. W. Morley, who was at the time employed by the plaintiff to canvass

and make sales of its machinery; to take orders therefor, and make collections for the plaintiff; to go when needed in setting up and starting threshing outfits; and to adjust such outfits when the same were out of repair or not running satisfactorily. He was, in fact, present when the machinery was unloaded from the car and taken to defendant's farm, and assisted and directed the defendant in setting up and starting the same in the afternoon of the day that it reached there. That afternoon the machine did not work well. The feeder shaft broke, and Mr. Morley took it to town, had it repaired, and returned with it the next forenoon. He remained with the defendant until some time in the afternoon of the same day, when he left, saying that he would be back in a couple of hours. He did not return, however, and the defendant attempted to operate the machine without him until the 3d of August, when, failing to make it work, he telegraphed the plaintiff's general agent at Council Bluffs, Iowa, on the 4th of August as follows: "All of outfit is not here yet. No one to start machine. I shall refuse to take it unless promptly attended to. Answer." This telegram was sent on Sunday, and in response thereto the plaintiff sent an expert, who arrived at Mr. Shirmer's on the next day. He remained with the machine nearly a day. He took charge of it, and attempted to make it do satisfactory work, but without success. Both Morley and the expert, Jones, knew that the machine was not fulfilling the warranty. The defendant stated to both of them that he was not satisfied with the outfit, and that he could not accept or keep it; and they both told him to keep it, and that the plaintiff would make it work all right, or take it back without any trouble. It is also shown that Mr. Morley later made several attempts to put the outfit in good running order—the last one being in December of the same year—and that in September he again told Mr. Shirmer that, if he would keep the machine, the company would make it comply with the warranty. The first two days of the defendant's possession of the machine were occupied by Mr. Morley in a vain attempt to make it

work. Before the expiration of the six-day period, the defendant wired the company as heretofore stated, and another representative of the plaintiff was sent in response thereto, whose efforts were alike fruitless; both, however, insisting that Mr. Shirmer keep the outfit, and promising that it would eventually be made to comply with the warranty.

This conduct of the plaintiff was clearly a waiver of the terms of the contract with reference to the conclusive effect of continued possession of the machine, and with reference to the notice required by the contract. By the explicit terms of the contract, six days' possession or use after delivery to the purchaser was conclusive that the warranty was fulfilled. If in actual possession, it made no difference whether a trial of the machine was made or not. This must be so, or we must entirely disregard the express stipulation as to possession. *Murphey v. Russell,* (Idaho) 67 Pac. Rep. 421. Morley was a representative of the company, and notice to him or his knowledge of the condition of the machine and its operation after delivery to the defendant was binding upon the company, and no other notice was necessary. *Harvesting Machine Co. v. Brower,* 94 Iowa, 145; *Briggs v. M. Rumely Co.,* 96 Iowa, 202; *Warder, Bushnell & Glesner v. Robertson,* 75 Iowa, 585; *Pilsinowsky v. Beardsley, Hill & Co.,* 37 Iowa, 9. Under the facts in this case, such is the rule when the contract provides that no one has authority to change the terms of the contract, or waive any of the provisions. *Ruthven v. Ins. Co.,* 102 Iowa, 550; *Peterson v. Reaping Machine Co.,* 97 Iowa, 148; *Nichols v. Wiedmann,* 72 Minn. 344 (75 N. W. Rep. 208); *Baker v. Nichols & Shepard Co.,* 10 Okl. 685 (65 Pac. Rep. 100); *Farnum v. Ins. Co.,* 83 Cal. 246 (23 Pac. Rep. 869, 17 Am. St. Rep. 233); *Ins. Co. v. Norton,* 96 U. S. 234 (24 L. Ed. 689).

The provision for the return of the machine was waived, and such waiver carried with it the provision that continued possession of the machine for six days should be conclusive evidence that it had fulfilled the warranty. *Peterson v. Machine Co., supra; Champion Mach. Co. v. Mann,* 42

Kan. 372 (22 Pac. Rep. 417) ; *Seymour v. Phillips,* (Neb.) 85 Pac. Rep. 72 ; *Jacobs v. Crumbaker,* 67 Ill. App. 391.

There having been a breach of the contract of warranty, the defendant is entitled to recoup the damage he has sustained on account thereof, which would be the difference between the value of the machine as warranted, and its value as it actually was. The defendant pleaded that the machine was entirely worthless, while the evidence shows that it in reality had some value. This allegation, however, amounts to nothing more than an overestimate of the damages suffered, and we know of no cases holding such failure of proof fatal to a recovery of the damages actually proven.

*2. BREACH of warranty: damages.*

The evidence shows that the defendant has been damaged to the full amount of the unpaid purchase price, and the judgment should therefore be, and it is, AFFIRMED.