Carr and Others *v.* Collins and Others.

PRACTICE.—Suit against A, upon an account for goods sold. Answer in denial, and also, in another paragraph, that the goods sued for were sold by the plaintiff to the defendant and one B, who were partners in trade, and not to the defendant alone, and that the plaintiff was indebted to the firm of A and B upon an account which was filed with the answer. Prayer that B should be made a party defendant, which was ordered by the court. B appeared and answered, though there was nothing alleged against him in the complaint, and also joined with A in another answer, upon which the plaintiff was required by the court to make up an issue. *Held,* that the statute gives no countenance to such practice.

APPEAL from the *Hancock* Circuit Court.

FRAZER, J.—This was a suit by the appellants against one of the appellees, *John O. G. Collins,* upon an account. An answer in eight paragraphs was filed. The eighth para-

graph averred that the account sued upon had accrued, not against the defendant alone, but against him and one *Darius Collins*, who were partners; that goods amounting to $382, mentioned in a bill of particulars annexed to the paragraph, were sold by the firm of *Collins & Co.* to the plaintiffs, "wherefore said *Darius* is a necessary and proper party to the determination of the suit," and there was a prayer that the court make him a party defendant to the action and require him to answer thereto. The general denial was one of the paragraphs of the answer. The plaintiffs moved in vain to strike out the eighth paragraph, and the court ordered *Darius* to be summoned, the plaintiffs excepting. At the next term, the court overruled a motion to require the plaintiffs to amend their complaint by making *Darius* a defendant. He, however, appeared and filed an answer; to what, we are at a loss to know, there being nothing alleged against him. He and *John* also filed a joint answer. The plaintiff was compelled by the court to take issue upon this latter answer. It is proper to say, that all this occurred in the *Hancock* Common Pleas, the case having been afterwards certified to the Circuit Court. In that court, the *Collins's* obtained judgment for one hundred and sixty-four dollars.

We must vindicate the statute against the suspicion that it gives any countenance to the practice which was adopted by the Common Pleas Court. We forbear to discuss the matter, for the reason that it cannot be done with such gravity as the profession have a right to expect in the opinions of this court.

The judgment is reversed, with costs, and the cause remanded, with directions to set aside all the proceedings subsequent to and including the order making *Darius Collins* a defendant, and to proceed according to this opinion.

*T. A. Hendricks, O. B. Hord* and *G. Y. Atkinson*, for appellants.

*M. M. Ray, J. W. Gordon* and *W. March*, for appellees.