COOPER v. THE GERMAN NATIONAL BANK OF DENVER ET AL.

1. PARTIES.

When an assignee of a promissory note brings an action thereon against the maker, the assignor is not necessary as a party to a complete determination or settlement of any question involved.

2. SAME.

A person to be a necessary party defendant to an action on a promissory note must be one whose interests are adverse to those of the plaintiff.

3. SAME—COUNTERCLAIM.

The defendants in a suit on a promissory note set up in their answer matters between themselves and one not a party to the action relating to the note, but which in no way opposed the plaintiff's right of recovery. Held, that that part of the pleading could not be denominated a cross complaint, and that it constituted neither a defense or counterclaim, nor an authority for bringing in such person as a defendant to the action.

4. BILLS AND NOTES—DEFENSES.

The assignee of a promissory note after maturity takes it subject to any defense the maker had against the payee arising out of the instrument itself.

5. SAME—EVIDENCE.

A promissory note is not subject to impeachment by an oral agreement preceding or contemporaneous with its execution.

6. SAME—PRACTICE—JUDGMENT.

Unless a defense has been sustained to an action on a promissory note, the law fixes the liabilities of the parties. Each and all are liable in solido, and but one judgment should be entered.

*Appeal from the District Court of Arapahoe County.*

JUNE 21, 1888, James M. and W. F. Patrick made their joint promissory note, payable to the order of appellant, ninety days after date, for $2,500, and interest. Sometime

after its maturity it was indorsed by appellant and became the property of the German National Bank. In August, 1890, the bank brought suit against the makers to collect the money. The complaint is in the ordinary form. Only one allegation requires notice, which is that the note was indorsed and became the property of the bank before its maturity. It was conceded that such was not the fact, the transfer having been made long after maturity.

Defendants answered, admitting the making, delivery and indorsement of the note, after which appears the following:

"And for a second defense, and as well by way of cross complaint against Job A. Cooper and The Little Granger Ditch Company, whom the defendants now here ask may be made parties to this suit, the defendants allege that at the time of the execution of the said promissory note, and for a long time before and afterwards, the said Job A. Cooper, in the complaint herein described as the payee in the said promissory note named, was the cashier of the plaintiff, and as such, and by virtue of the authority conferred upon him by the said office, and as well by the assent and action of the stockholders and directors of the plaintiff, had general management and charge of the affairs of the plaintiff, and managed and conducted its business in all respects. That prior to and at the time of the giving of the note in the said complaint mentioned the said Cooper and these defendants were interested in a certain irrigation ditch situated in the counties of Jefferson and Arapahoe, in the state of Colorado, known and called the 'Little Granger Ditch,' which said ditch was owned by a certain corporation called The Little Granger Ditch Company. That the interest of said defendants and said Cooper in said ditch was as stockholders in said company and through the fact that said Cooper and these defendants were the owners of lands under said ditch. That at about the time of the date of said note, and for some time prior thereto, the said Little Granger Ditch Company was in embarrassed circumstances, and had a large number of debts outstanding, and had no funds to pay the same, and in order

to procure water to be carried in the said ditch it was necessary to make divers expenditures for improvements therein and thereupon. That said Cooper, being the largest stockholder in The Little Granger Ditch Company, and as well one of the largest landowners under the said ditch, and these defendants being likewise interested in said company and owners of land under said ditch, and these defendants and the said Cooper being desirous that the said improvements might be made upon said ditch and the said debts paid in order that water might be run through said ditch to irrigate and water the lands of said Cooper and these defendants, and the said ditch company having prior to that time voted to issue and having issued in due form of law its certain bonds and obligation secured by mortgage upon the said ditch to the extent and sum of fifteen thousand dollars, which said bonds it was offering for sale, but was then unable to sell, the said Cooper did propose to these defendants that he and the said defendants should and would give their promissory note to said bank and procure thereon from said bank the sum of twenty-five hundred dollars and advance the same to the said Little Granger Ditch Company for the purpose of enabling it to pay off said debts and make said improvements. Thereupon these defendants, having accepted said proposition, it was agreed that the said bonds should be placed in the hands of the said Cooper as security for the payment of the said note, and thereupon the said bonds were placed in the hands of said Cooper as security for the payment of the said note. That when these defendants came to join with the said Cooper in the making of said note, as proposed by him, the said Cooper represented and pretended unto the said defendants that owing to his being cashier of the said bank it would be improper for him to join with them in making said note or as one of the makers thereof, and suggested to and requested of and procured these defendants to make the said note to his order, he, the said Cooper, then and there undertaking, promising and agreeing that he, the said Cooper, notwithstanding he should appear in the said note as the

payee thereof, and would to all appearances be merely an endorser, would be liable to the said bank as a maker of the said note, and that the said bank should take and hold said note as against him, the said Cooper, and these defendants, with full knowledge and upon the understanding that the defendants would only be called upon to pay one half of the said note, and that the said Cooper was to pay the other half of said note, and that these defendants executed and delivered said note only upon the said understanding and agreement, and that said bank had full knowledge thereof through the said Cooper, its cashier, who acted for it in that behalf, and that these defendants are only liable to pay one half of the said note, and that the said Cooper is liable for the other half thereof, and should be made a party defendant in this action. That the said Cooper has not made or given to these defendants any account of the said bonds, and that the amount due upon said note is a lien upon the said bonds in the hands of the said Cooper or the said bank, whichever holds the same.

" And these defendants say that the ends of justice require that the said Cooper and The Little Granger Ditch Company should be made parties to this action, and that the judgment herein in favor of the said bank, if it be now the owner of said note, should be as well against the said Cooper as against these defendants, and should be against these defendants for only one half of the said note, and should be against the said Cooper for the other half. And these defendants say that they now are and at all times have been ready and willing to pay to the said bank their one half the said note, and have offered to pay the same and now offer to pay the same.

" Wherefore, these defendants pray judgment that they may be declared to be liable for only one half of the amount due upon the said promissory note, and that if found liable for the whole thereof, that they have judgment over against the said Cooper for one half thereof, and that the amount found due upon the said note may be adjudged and decreed

to be a lien upon said fifteen thousand dollars' worth of bonds of The Little Granger Ditch Company, and that the same may be required to be by the said Cooper or the said bank brought into court and be sold and disposed of under the order of the court to pay the amount for which judgment may be rendered against these defendants in this action, for all other proper relief and for their costs."

An order was made by the court making appellant and The Little Granger Ditch Company defendants. Summons was issued and served upon appellant. The proceeding making appellant a defendant was resisted and an exception taken. Nothing appears in the record to show what, if any, proceeding was taken against the Ditch Company. Counsel then moved the court to dismiss the proceeding against appellant, the motion containing the following grounds:

"*First.* Because he, the said Cooper, is not a proper party to the said action and was erroneously and irregularly brought into the said action on the application of James M. Patrick and W. F. Patrick, defendants herein, without authority of law.

"*Second.* Because no cause of action and no ground of recovery of whatever kind or character is set forth or alleged against him, the said Cooper, by or in the plaintiff's complaint in this action, and no right of recovery or right of action is shown to exist against him in favor of the said plaintiff.

"*Third.* Because he, the said Cooper, is not in any sense a necessary or proper party to the said action, either by anything appearing from the complaint in the said action or from anything appearing in the answer or petition of the defendants, James M. Patrick and W. F. Patrick.

"*Fourth.* Because, upon the face of all the pleadings on file in this cause, it appears that the said Cooper is not in any manner interested in the said action, nor is he in any sense a proper party herein, and if there be any claim or demand against him in favor of the said defendants, James M. Patrick and W. F. Patrick, it is a matter wholly between

them and the said Cooper to be settled between them only in appropriate proceedings for that purpose."

The motion was denied and an exception taken. Appellant then answered as follows :

"Now on this day comes Job A. Cooper, who, pursuant to an order of the court herein issued at the instance of the defendants in the above entitled cause, hath been summoned herein, etc., and answering herein, denies that he is in any manner liable for any part or portion of the note sued on in said action ; denies that he, as cashier of the plaintiff bank, or by virtue of any authority conferred upon him by the office of cashier, or by the assent of the stockholders or directors of said bank, acted in any respect whatever in taking or receiving the note mentioned in the plaintiff's complaint herein ; denies that he ever proposed to the defendants that he and the defendants should give their promissory note to the bank or procure from the bank the sum of $2,500 or any other sum.   Denies that it was ever agreed that the bonds of The Little Granger Ditch Company should be placed in the hands of him, the said Cooper, as security for the payment of any note; denies that any such bonds were ever placed in his hands; denies that he, the said Cooper, ever represented to said defendants that because of his being cashier of the bank, or for any other reason, it would be improper for him to join with them in making the said note.   Denies that he ever suggested or requested of the said defendants or procured them to make the said note to his order, he undertaking, promising and agreeing—notwithstanding he appeared as the payee of the note—to be liable to the bank as a maker thereof. Denies that the said bank took the said note with knowledge or understanding that the defendants would only be called upon to pay one half of the same, and that he, the said Cooper, was to pay the other half.   Denies that said defendants executed or delivered said note upon any such understanding or agreement.   Denies that he, the said Cooper, acted for the bank with respect to the said transaction in any manner or form whatsoever.   Denies that said defendants are only liable

to pay one half of the said note, and denies that he, the said Cooper, is liable for the other half thereof. Denies that he should have been for any reason made a party to this action. Denies that in respect to the said transaction he in any manner acted for the said bank, or acted in his capacity as cashier, but avers that the said transaction was a personal transaction between himself and the said defendants wholly outside of any connection of his with said bank, and denies that he, the said Cooper, is liable either to the said bank or to the said defendants for any part or portion of the said note.

"And the said Cooper, further answering, admits that prior to and at the time of the giving of the said promissory note, he, the said Cooper, and that said defendants were stockholders in The Little Granger Ditch Company, and were also owners of land under said ditch, and said company was then under the necessity of raising money to make improvements upon the ditch, and he, the said Cooper, and the said defendants were, as he is informed and believes, about equally interested as stockholders in the said ditch, and he and they, together with other parties interested in the said ditch, were desirous to raise the money necessary to be raised in order to enable the said company to put its ditch in condition and be prepared to furnish water for irrigation.

"The said Cooper, further answering, says that this being the condition of affairs, the real transaction between himself and the said defendants was as follows: That said company was about to issue its bonds for $15,000, secured by deed of trust upon its property, and that said bonds were to be sold for the purpose of obtaining the necessary money required for the company's operations, and a deed of trust was actually executed and placed upon record; that the deed of trust named George Tritch as trustee therein; that the said trustee has never consented to act, and afterwards refused to act for the reason that said ditch was not free from other incumbrances, and the said trustee declined to act as such trustee, but he, the said Cooper, saith that said bonds aforesaid were never in fact signed by the officers of the company, and were

never put upon the market or placed in condition to be sold or handled, although at the time of the giving of said note by the said defendants it was intended that they should be; that at this time it was known that some considerable period must elapse before said bonds could be negotiated and sold, and in consideration thereof it was proposed that he, the said Cooper, and the said defendants should raise the money then temporarily needed, amounting to the sum of about $4,000, $2,500 of which amount should be raised by the said defendants and the balance by him, the said Cooper, but said defendants being then short of funds, he, the said Cooper, offered to loan them that amount upon their note, to be turned over to the company, and to advance for himself the further sum of $1,200 to $1,500, making together the amount required; and thereupon the said defendants agreed to the arrangement and executed to the said Cooper the promissory note sued upon herein and delivered the same to him, not as an officer of the plaintiff, nor as representing the plaintiff, but simply as a personal matter between him and them; that thereafter he, the said Cooper, paid to said company for said defendants, according to the said arrangement, the full sum of $2,500 called for by said note, he, the said Cooper, also paying to the said company under the same arrangement more than $1,250, for the like purpose, to wit, the sum of more than $1,400, and thereby complied fully with the agreement upon his part and contributing more than his full proportion according to said agreement.

" He, the said Cooper, further avers that in addition to doing more than all that he has agreed to do, he afterwards took up and paid to the plaintiff bank aforesaid an overdraft of said company for moneys obtained by it from said bank and carried on its operations, etc., aforesaid, to the amount of nearly $8,000, which hath never been paid to him and which he still holds as a claim against the company, a large part of which in equity and good conscience he ought to be repaid and reimbursed for by the said stockholders until such time as said obligation shall be met and discharged by said company."

Defendants, by leave of court, then amended their pleading by denying that the note was transferred to the bank before maturity.

On December 13, 1892, an order was entered requiring defendants Patrick to reply to appellant's answer in ten days, which was filed, as follows : " And for reply to the answer of said defendant Job A. Cooper to the cross complaint filed herein, deny each and every material allegation of new matter therein contained." Nearly a year after, on December 21, 1893, defendants Patrick, apparently being dissatisfied with their former replication, filed a new one of their own motion, specifically denying the allegations of new matter contained in appellant's answer. Appellant's counsel moved to strike the new replication from the files because it was filed without notice or leave of the court. The motion was denied.

The case was then tried to a jury, the verdict being as follows : " We, the jury, find in favor of the plaintiff and against the defendants, James M. Patrick and William F. Patrick, in the sum of two thousand and forty-nine dollars and sixty-five cents, and against the defendant, Cooper, in the sum of two thousand and forty-nine dollars and sixty-five cents ; "—upon which separate judgments were entered in accordance with the verdict. From the judgment against him, appellant prosecuted an appeal to this court.

Messrs. BENEDICT & PHELPS, for appellant.

Mr. C. C. PARSONS and Mr. EDWARD T. PATRICK, for appellees.

REED, P. J., delivered the opinion of the court.

This case presents novel and troublesome questions, not upon the points involved on the merits, but upon questions of practice under the civil code. The first is whether appellant could properly be made a party to the suit and defendant at the instance of Patricks, the defendants, against whom

the suit was brought.   The provisions of the code in regard to parties are as follows :

"SEC. 11. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

"SEC. 13. Persons jointly or severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff."

"SEC. 16. The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights ; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."

Section 17 provides " that a person not made a party, who has an interest in the subject-matter of the controversy, may be made a party upon his own application."

The plaintiff had exercised its option and made its election as provided by section 13, and had proceeded only against the makers ; nor is it covered by section 11.   He had and claimed no interest in the controversy *adverse* to the plaintiff, and, under the law of commercial paper, he was not a necessary party " to a complete determination or settlement of any question involved therein " as between the holder and the makers.

The appellant was made a party by reason of the allegations and matters set up in what is termed a "second defense and cross complaint," and upon a careful examination of it, it will be found to contain no defense against the plaintiff that could be available to either the makers or appellant to pre ent a recovery upon the note.   It was of matters purely personal between the defendants, as to equities alleged to have existed between them in regard to their respective liability.   In other words, the liability to the plaintiff was

admitted, and the only controversy was one between the defendants as to who should pay it,—questions presenting no defense against the plaintiff, and in which it could have no interest. In cases of this kind, a person necessarily a party defendant must be one whose interests are adverse to the claims of the plaintiff, who can be joined for the purpose of interposing some defense to impeach the note in the hands of plaintiff and prevent a recovery. I can find no authority in the code for the making of defendants in this way in this kind of a case, and under the circumstances and without express authority or authority clearly implied, there was no warrant for it, and the court erred in making appellant a defendant, and in overruling the motion of appellant's counsel to dismiss. See *Waddell v. Darling*, 51 N. Y. 327; *Hopkins v. Lane*, 87 N. Y. 501; *Belleau v. Thompson*, 33 Cal. 495; *Carr v. Collins*, 27 Ind. 306; *Fischer v. Holmes*, 123 Ind. 525; *Tyler v. Trustees*, 14 Ore. 485.

The paper filed by the defendants Patrick, in which it is asked that appellant be made a party defendant, is called a "second defense and cross complaint." I can find no authority for a cross complaint.

By section 48, Civil Code, it is provided that the pleadings on the part of the defendant shall be a demurrer to the complaint or a demurrer to the replication or an answer to the complaint.

In section 56, in speaking of what the answer shall contain: "Second, a statement of any new matter *constituting a defense*, or counterclaim in ordinary and concise language." The defense spoken of must of necessity be a defense against the claim of the plaintiff. In section 57 it is said "that the counterclaim mentioned in the last section shall be one existing in favor of the defendant or plaintiff and against a plaintiff or defendant," etc.

It will, upon examination, as before stated, be seen that the paper filed was neither a defense to the action nor a counterclaim nor in any manner came within the code provisions. In section 47 it is said: "The mode of pleading in

civil actions and the rules by which the sufficiency of the pleadings shall be determined, shall be as prescribed in this act, and not otherwise." The pleading was without warrant and should have been disregarded. A cross complaint, in the very nature of things, if allowable, must be against the plaintiff. An original complaint against an outsider, that in no way opposed the right to recover by the plaintiff and interposed no defense, could not be denominated a "cross complaint," and it certainly was neither a defense or counter-claim. See *McMahon v. Allen*, 13 How. Pr. (N. Y.) 39; *Webster v. Bond*, 9 Hun (N. Y.), 437; *People v. Albany Railway Co.*, 15 Hun, 126.

The note having been assigned by appellant after maturity, Patricks, defendants, could interpose any legal defense they had against the payee, but it must have been against the note itself, not an oral contract made at the time or prior to the making of the note, the effect of which was to impeach, invalidate and destroy the note. See 2 Randolph on Com. Paper, sec. 678; Byles on Bills, 169; 1 Daniel on Neg. Inst., secs. 724 to 725*a*; *Borrough v. Moss*, 10 Barn. & C. 558; Tiedeman on Com. Paper, sec. 295.

The effect of the so-called "second defense and cross-complaint" was to impeach and destroy the note. The issues presented and tried were those arising out of an alleged verbal contract made between the defendants at the time of making the note, issues in which the plaintiff was not a party and in which it had no interest and which were no defense to the note against the plaintiff.

The authorities are conclusive and innumerable that negotiable commercial paper, like any other written contract, cannot be impeached or vitiated by oral agreement preceding or contemporaneous with its execution. See, in our own state, *St. Vrain Stone Co. v. Denver, U. & P. R. Co.*, 18 Colo. 211; *Dunn v. Ghost*, 5 Colo. 134; *Randolph v. Helps*, 9 Colo. 29; *Peddie v. Donnelly*, 1 Colo. 421. See, also, *Hoyt v. Mead*, 13 Hun (N. Y.), 327; *Forsythe v. Kimball*, 91 U. S. 291; *Smith's Admrs. v. Thomas*, 29 Mo. 307.

The court erred in allowing two judgments for the same cause of action. There was no defense made to the judgment in favor of the plaintiff. It was unaffected by any equities existing between the defendants. If appellant was not properly made a party, there must have been a judgment against Patricks for the full amount of the note. If properly made a party defendant, there could have been a judgment against all. There could be but one judgment. Unless a defense was sustained against the note in the hands of the plaintiff, the law fixes the liabilities of the parties, and there can be but one judgment. Neither court nor jury can divide the cause of action and parcel out the liability. Each and all are liable upon the note *in solido* for the whole amount. By entering separate judgments a defendant would be released by payment of one half that he owed and would be discharged. The other defendant might be insolvent or irresponsible. The result would be the loss by the plaintiff of one half of the money secured by the note.

The judgment of the district court will be reversed and the cause remanded for a trial *de novo* on the lines above indicated.

*Reversed.*