## No. 9530.

### HENRYLYN IRRIGATION DISTRICT ET AL. *v.* THOMAS.

1. APPEAL AND ERROR—*Agreement of Counsel—Effect.* What is assumed by both parties, to the controversy as to matter of law, will be assumed by the court—without expression of an opinion upon the question.

2. MANDAMUS—*Prior Demand—When Necessary.* When the interest of the relators in the act or duty, performance of which is demanded, is peculiar to themselves, demand and refusal is a condition precedent to the allowance of mandamus.

OTHERWISE where the duty enjoined is strictly public in its nature, and concerns one citizen no more than another. Where it is sought to compel the directors of an irrigating district to certify to the county commissioners the amount necessary to pay interest on outstanding bonds of such district, the writ must show prior demand and refusal.

PRIOR action upon plaintiff's coupons, and judgment thereon reversed, *held* no demand for the relief now sought.

*Department One.*

*Error to Weld District Court, Hon. Neil F. Graham, Judge.*

Mr. JOHN R. SMITH, for plaintiffs in error.

Messrs. RUSH & CLINE, for defendant in error.

Mr. THEODORE H. THOMAS, *pro se.*

Burke, J.

IN this case the defendant in error brought mandamus against the plaintiffs in error to compel them to certify to the Board of County Commissioners of Weld County the

amount necessary to pay certain interest coupons on the outstanding bonds of the irrigation district, which coupons were then held and owned by defendant in error. The parties are hereinafter designated as in the court below.

It was stipulated that the plaintiff should procure the alternative writ and the defendants plead or demur thereto within ten days. The writ was issued October 11, 1918. It appears therefrom that in September, 1916, the defendant district issued and sold 198 of its coupon bonds, of the face value of $5,000.00 each, attached to each of which were 22 interest coupons, each for the sum of $15.00, 288 of which coupons the plaintiff holds and owns; that some of these coupons were due and payable June 1st and December 1st of each of the following years, 1913, 1914, 1915, 1916, 1917 and 1918; that these coupons had been presented to the County Treasurer of Weld County (*ex-officio* treasurer of the defendant district), and not paid for lack of funds; that the Board of Directors of defendant district had failed and refused to determine the amount of money required to pay these coupons and certify the same to the Board of County Commissioners; and that the defendants, Hensley, Scott and Williams, constituted the Board of Directors of the defendant district. A demurrer was filed to this writ on the grounds, First, that the writ did not state facts sufficient to constitute an action in mandamus against the defendants; Second, that it did not show any demand by petitioners for the performance of any duty imposed upon them by law, or any refusal by them to perform; Third, that the Board of County Commissioners of Weld County were necessary parties; Fourth, that the writ was ambiguous and uncertain. This demurrer was overruled, and the defendants elected to stand thereon. The alternative writ was made perpetual and final, and from that order, and the judgment following, the defendants prosecute this writ of error.

A supersedeas was heretofore issued herein upon the ground upon which this judgment is now reversed. A reversal was not, at that time, ordered for the reason that

the rules of this court, as they then stood, made no provision therefor. They have since been so amended. Time for reply brief having been waived here in this case is now considered by us in connection with No. 9567.

Mr. Justice Burke delivered the opinion of the court.

---

THE irrigation law of the State of Colorado provides; that these interest coupons shall be paid by revenue derived from an annual assessment on the real property of the district; that it shall be the duty of the Board of Directors, on or before September 1st of each year, to determine the amount of money required to meet the maintenance, operating and current expenses for the ensuing year, and to certify to the County Commissioners of the County in which the office of the said district is located, said amount; and further that it shall be the duty of the County Commissioners, immediately upon receipt of such certificate, to fix the rate necessary to provide the amount of money required to pay the interest and principal of the bonds of said district, as the same shall become due. It is admitted that the Board of Directors of the defendant district have not made this certificate to the Board of County Commissioners, and that no formal demand has been made upon them to so certify. The question here to be determined is the necessity for such a demand.

It will be observed that section 3457, Revised Statutes 1908 (amended by chap. 101, Laws 1913, p. 384; chap. 105 Laws 1915, p. 302 and chap. 83, sec. 8, Laws 1917, p. 302), fixes upon the Board of Directors of an irrigation district the duty of certifying "the amount of money required to meet the maintenance, operating and current expenses for the ensuing year" but says nothing about any certificate of the amount necessary "to pay the interest and principal of the bonds of said district".

Section 3459 (amended by chap. 83, sec. 10, p. 305) makes it the duty of the Board of County Commissioners, "upon the receipt of the certificate of the Board of Directors * * * to fix the rate of levy necessary to provide

said amount of money, and to fix the rate necessary to provide the amount of money required to pay the interest and principal of the bonds of said district."

It is assumed by both sides in the present case that it was the duty of the Board of Directors of the district to include in its certificate "the amount of money required to pay the interest and principal of the bonds of said district". For the purpose of the determination of this cause we therefore make the same assumption and express no opinion thereon.

If relators in an action in mandamus have a private interest, peculiar to themselves, in the act or duty the performance of which is demanded, demand and refusal would be an essential condition precedent to the relief sought, but the weight of authority is that where a duty is enjoined by law which is strictly public in its nature, and concerns one individual no more than another, no formal demand or refusal is necessary.

*Rizer v. People,* 18 Colo. App. 40-47, 69 Pac. 315; *People ex rel. v. Rio Grande Co.,* 7 Colo. App. 229, 42 Pac. 1032; *Grand Co. v. People,* 16 Colo. App. 215, 64 Pac. 675.

The tax which plaintiff seeks to have levied by the Board of County Commissioners is, under our irrigation law, a special tax.

*Interstate Tr. Co. v. M. V. Irr. Dist.,* No. 9153, decided by this Court April 7, 1919 (not yet reported).

Plaintiff's action to compel the issuance of this certificate to support the levy is an action for his personal benefit, the relief sought is personal, and the duty of the defendants to make the certificate can by no construction be held to be a duty "enjoined by law which is strictly public in its nature and concerns one individual no more than another". Prior demand and refusal are, therefore, essential.

Counsel for defendant in error assert *in their brief* that there has been demand and refusal in this, that in 1914, the plaintiff brought an action in the District Court of the City and County of Denver against defendants, and recovered judgment therein on these identical interest

coupons. That case was brought here for review and reversed; this court saying, that petitioner's remedy lies in mandamus and not for money judgment on the interest coupons.

*Henrylyn Irr. Dist. v. Thomas,* Colo. 173 Pac. 541.

If this were equivalent to an allegation *in the writ* that there had been demand and refusal, and that it consisted of the bringing of said action in the City and County of Denver, and such judgment and reversal, it would be a sufficient answer to say that that was in no respect a demand upon the district for the required certification, but was a demand upon the district for the payment of the interest coupons, a demand with which the defendant district had no power to comply.

As no demand was made by plaintiff prior to the bringing of this action, and as such demand was an essential precedent thereto, the judgment must be reversed. In view of our opinion this day filed in *Henrylyn Irr. Dist., et al. v. Thomas,* No. 9567, Colo. 181 Pac. 980, we deem it unnecessary to consider the other questions raised herein.

Judgment reversed.

Garrigues, C. J. and Teller, J. concur.