## No. 14,587.

RAYMOND *v.* STATE CIVIL SERVICE COMMISSION ET AL.

(92 P. [2d] 331)

Decided June 12, 1939.

Mr. J. DONOVAN STAPP, Mr. GEORGE T. EVANS, Mr. ARTHUR B. BOUTON, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. C. E. SYDNER, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, alleged in his complaint that since March 7, 1939, he has been a duly appointed, qualified and acting grade B examiner of the income tax department of the division of finance and taxation in the office of the treasurer of the state of Colorado; that the compensation fixed by order of the state treasurer for the position—which he asserts he held— was $1620 per annum; that on April 1, 1939, plaintiff became entitled to pay from the state of Colorado for services rendered as such examiner in the amount of $108.87; that article XII, section 13, of the Constitution provides inter alia: "No person in the classified service shall be paid until a certificate is furnished by the commission that the appointment has been made pursuant to law"; that although often requested the civil service commissioners, defendants, have failed and neglected to issue such certificate to the plaintiff and that he is without a plain, adequate and speedy remedy at law. Upon the basis of these allegations plaintiff prayed "that a peremptory writ of mandamus be issued and directed to the defendants" commanding them "to forthwith issue a proper certificate as required by the law of the State of Colorado, stating that plaintiff has been appointed to the position of grade B examiner, as aforesaid, pursuant to the laws of the State of Colorado."

By answer defendants denied that plaintiff had ever requested them to issue a certificate as alleged in his complaint; denied that he was without a plain, adequate and speedy remedy at law, and admitted all of the other allegations of the complaint. By way of further answer defendants alleged that the Civil Service Commission, of

which they are the members, heretofore had approved the provisional appointment of plaintiff as a grade B examiner in the income tax division as the same appears of record upon the defendant board's books, and that said appointment and approval were made in accordance with the statutes, rules and regulations applicable thereto. For a second and further defense defendants alleged: "That on or about April 1, 1939, the head of the department of the income tax division, to-wit, Charles M. Armstrong did certify a payroll that was incorrect and which did not agree in every respect with the records on file with the Commission, and this Commission did refuse to approve the same, for the reason that the said payroll was insufficient in accordance with Rule VI, Subparagraph 7 of the Rules of said Commission, which reads as follows: '(7) The Commission may at any time refuse to accept the payroll of any state department or institution which does not agree in every respect with the records on file with the Commission'." Plaintiff demurred to this second and further defense upon the ground that the facts stated therein were not sufficient to constitute a defense. The trial court overruled the demurrer, and, plaintiff electing to stand thereon, judgment of dismissal of the complaint was duly entered.

Plaintiff's single assignment of error is directed to and based upon the alleged erroneous decision of the trial court overruling the demurrer. In the motion to advance the cause upon the docket of this court, counsel for the parties jointly proclaim that the cause is of public concern, in that a resolution of the question of the authority of defendant commission to refuse to approve the payroll of an administrative department of the state upon the grounds assigned, is of vital importance to the operation of many departments of the state government; that in connection with the proper administration of the civil service laws of the state of Colorado it is essential that the parties, as well as all those similarly situated, be apprised of the extent and scope of the rule-making power

of the defendant commission in this field, and that a constitutional question is involved; namely, whether the particular rule of the defendant commission quoted in the special defense, if enforced, constitutes a violation of the rights of plaintiff under the due process clauses of the state and federal Constitutions.

The briefs are largely devoted to a discussion of these points. Desirable as it may seem to the parties, a judicial determination of the suggested questions cannot be had in the proceeding before us. Judgments must be founded upon litigable issues presented by the pleadings, and not pronounced in answer to solicitation on irrelevant abstract legal queries propounded by the parties and argued in their briefs. The prayer of the complaint simply asks that defendant commission be required to issue a certificate stating that the appointment of plaintiff to the position indicated has been made pursuant to law. The primary wrong of which complaint is made by plaintiff relates solely to the alleged failure of the commission to issue such a certificate of his appointment. It is elementary that to properly raise a triable issue, an answer must be responsive to the complaint. *San Juan Co. v. Finch,* 6 Colo. 214 (cited in notes, 54 Am. St. Rep. 244, Ann. Cas. 1912A, 131, Ann. Cas. 1918B, 11, 12, 22, 39 A. L. R. 419); *McClelland v. Bullis,* 34 Colo. 69, 81 Pac. 771. Likewise, to be properly available, a defense must of necessity be against the claim asserted by the plaintiff. *Cooper v. German National Bank,* 9 Colo. App. 169, 47 Pac. 1041.

The so-called second and further defense, in merely alleging an unspecified incorrectness in the payroll of the department in which plaintiff happened to be employed, occasioned, it is said, by the action of the head of the department, at the most suggests only discord between the department head and the respondent commission in which disputation plaintiff, so far as the pleadings disclose, has no part. It seems obvious to us that such controversy is entirely foreign to the question of the

right of plaintiff to have a certificate of appointment issued to him, and that any defense grounded upon this dispute is unresponsive to the complaint. While the possession of the certificate for which issuance is asked in the complaint constitutionally is a prerequisite to the payment of compensation to a person in the classified civil service, the actual ultimate payment to a holder of such a certificate is incidentally dependent upon other considerations; such as, for instance, the availability of funds for the function involved and compliance with the formal and procedural details preliminary to the disbursement of state funds. Since the object of this proceeding is only to establish such a compensable status for the plaintiff and not to compel the payment of the compensation itself, the question of the necessity of the approval of department payrolls by the Civil Service Commission as one of the essential procedural steps preliminary to the actual payment of compensation, is not involved and properly cannot be determined herein. It follows, therefore, that the demurrer should have been sustained.

█ Although it may be questioned whether the point is included in the assignment of error, the plaintiff further urges that since the defendant commission admits that it approved the provisional appointment of the plaintiff in accordance with the statutes, rules and regulations applicable thereto, that the present duty to issue the certificate is purely ministerial, as a consequence of which the writ of mandamus should issue under the pleadings. This might be correct if it were not for the circumstance that the answer denies that plaintiff has ever requested the defendants to issue the certificate. It is well established as a general rule, that as a condition precedent to his right to the relief sought, a relator in a mandamus proceeding must have demanded performance of the act or duty which he seeks to enforce. 38 C. J. 576, par. 50 (1); *People ex rel. v. Rio Grande County*, 7 Colo.

App. 229, 42 Pac. 1032. Where the duty sought to be enforced is of a public nature affecting the people at large and there is no one especially empowered to demand performance, it has been held, as a well recognized exception to the general rule, that no demand is necessary as a condition precedent to the issuance of a writ of mandamus to compel performance. *Rizer v. People,* 18 Colo. App. 40, 69 Pac. 315; 38 C. J. 577. The principle announced in the general rule, however, has never been questioned in so far as the duty is of a private nature affecting the right of the relator only. *Henrylyn Dist. v. Thomas,* 66 Colo. 296, 181 Pac. 979; 38 C. J. 577.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

MR. JUSTICE FRANCIS E. BOUCK not participating.