JAMES A. BRYANT v. SAMUEL PEMBER.

*Sale without Fraud or Warranty. Evidence. Practice.*

It is no defense to an action upon a note given for the price of a cow, that the cow was worthless at the time of the sale, if the sale was without fraud or warranty on the part of the vendor.

The vendor exchanged a pair of horses for a mare and the cow for which said note was given. The defendant, for the purpose of showing fraud by the vendor in the sale of said cow to the defendant, and as tending to show his knowledge of her worthless condition, claimed on trial that the vendor gave little or nothing for said cow; and, as bearing upon that question, introduced evidence, against the plaintiff's objection, to show that said pair of horses was of small value. *Held,* that such evidence was too ind.-finite to warrant an inference that the vendor knew the condition of said cow.

If a defendant claims judgment on the ground that he has proved a plea which is insufficient in law as a defense, he must, at least, prove as far as he does allege.

ASSUMPSIT upon a promissory note for fifty dollars, executed by the defendant, and payable to H. A. Bryant, or bearer. The defendant pleaded, first, the general issue ; secondly, *actio non*,

" Because he says that the note named in said first count, was given by this defendant to Hiram A. Bryant,¬named in said count as H. A. Bryant, for a cow bought by the defendant of said Hiram, which cow, at the time of said purchase and giving said note therefor, was sick, and of no value whatever, and soon after died ; that on said sale, said Hiram represented said cow to be a good cow, and all right, when, as the said Hiram then knew, said

cow was then of no value, and was sick ; and the defendant avers that said note was uncurrent and past due when it was transferred by said Hiram ; and this he is ready to verify," &c.

The third plea was like the second, except that the *scienter* was not alleged. All the pleas were treated at the trial as traversed. Trial by jury, December term, 1872, BARRETT, J. presiding.

It appeared that said note was given for the price of a cow which the defendant bought of said H. A. Bryant, who had obtained her the same day by exchanging a pair of horses with one Huntington for a certain mare and said cow. As bearing on the question of fraud by the said H. A. Bryant in the sale of the cow to the defendant, and as tending to show his knowledge of the condition of the cow at the time of said sale, the defendant claimed on the trial that said H. A. Bryant gave little or nothing for her, and on that question offered evidence to show that said pair of horses was of small value ; to which the plaintiff objected ; the court admitted the evidence ; to which the plaintiff excepted. The defendant claimed on the trial, and gave evidence tending to show, that he bought the cow expressly for a dairy cow, and that this was known to the said H. A. Bryant, and that he sold her as such ; that at the time of said sale to the defendant, the cow had a disease, of which she subsequently died, and of which the defendant was wholly ignorant, but supposed her to be sound and healthy, and that in consequence of said disease, she was worthless at the time of the sale.

The plaintiff claimed, and requested the court to charge, that if the said H. A. Bryant, at the time of the sale, was ignorant of any such disease, and sold the cow to the defendant without fraud or warranty, the fact that she was so diseased and worthless was no defense to the note. Also, that if the defendant took the cow, and kept her till she died (from July 20th to the last of the next September), and made no offer to return her, or to rescind the trade, he thereby affirmed the same, and was not entitled to question its validity. The court declined so to charge ; but charged that, if the cow was worthless as a cow, if in point of fact H. A. Bryant conveyed no value to Pember by the sale of the cow to him, there was no consideration for the note, and that would be a

defense ; but that, on the other hand, if the cow was of any appreciable value when sold to the defendant, there was not such a want or failure of consideration as would constitute a defense to this suit. To the said refusal and charge, the plaintiff excepted. In all other respects the charge was full and satisfactory. It was conceded that the note in suit was transferred to the plaintiff after maturity, and that he knew for what it was given. Verdict for the defendant.

*J. J. Wilson*, for the plaintiff.

When a chattel is sold without fraud and without warranty, the vendor is not liable for any latent defect. Chit. Cont. 466, note 1 ; 2 Kent Com. 485 ; 1 Swift Dig. 383 ; *Penniman* v. *Pierson*, 1 D. Chip. 394 ; *Barrett* v. *Hall*, 1 Aik. 269 ; *Stephens* v. *Smith*, 21 Vt. 90 ; *Paddock* v. *Strobridge,* 29 Vt. 470 ; *Bond et al.* v. *Clark*, 35 Vt. 577 ; *Wallace* v. *Stone*, 38 Vt. 607 ; *Ricks* v. *Dilloharty*, 8 Porter, 133 ; *Sheppard* v. *Temple*, 3 N. H. 455 ; *Perkins* v. *Bomford*, Ib. 522 ; *Bluett* v. *Osborne et al.* 1 Stark. 384 ; *Parkinson* v. *Lee*, 2 East, 314 ; *Ormsod* v. *Heath*, 14 M. & W. 651 ; *March* v. *Pigott*, 5 Burr. 2802 ; *Boman* v. *Boman*, 8 Conn. 409; *Swett* v. *Colgate et als.* 20 Johns. 196 ; 2 Caines, 48 ; 25 Me. 337 ; 1 N. H. 179 ; 1 Wend. 185.

Could the defendant recover back if he had paid ? The vendor of a note without endorsement, can collect the agreed price, notwithstanding it turns out that the note at the time of sale was worthless. Chit. Bills, 76, 77, note ; Bayley Bills, 2d Am. ed. 537, 538.

In this case there was no failure of consideration. The consideration for the note was the cow *as she was*, and if the defendant wished to protect himself against latent defects, he could have required a warranty. *Paddock* v. *Strobridge, supra ; Parkinson* v. *Lee, supra ; Wallace* v. *Stone, supra.*

The defendant did not offer to rescind. 32 Vt. 1 ; Ib. 179 ; 33 Vt. 249.

*Hunton & Gilman*, for the defendant.

In respect to the first exception. It is alleged in the second plea, that H. A. Bryant knew the cow was of no value. We sub-

63

mit that, under that plea, it was relevant to show that the horses, on the sale of which he obtained the cow, were of little value, and that there is no error in admitting the testimony. Under the charge, it became wholly immaterial.

There is no error in the charge, that if the cow was of no value at the time of the sale, that that is a defense to the note. It sustained the third plea. *Hurd* v. *Spencer*, 40 Vt. 581 ; *Henry* v. *Martin*, 39 Vt. 42 ; *Foster* v. *Phaley et al.* 35 Vt. 303 ; *Craigin et al.* v. *Fowler et al.* 34 Vt. 326.

There was no error in the refusal to charge as requested in respect to there being no offer to rescind. *Kelley* v. *Pember*, 35 Vt. 183, 185.

The opinion of the court was delivered by

PECK, J. The charge of the court, " that if the cow was worthless as a cow ; if, in point of fact, H. A. Bryant conveyed no value to Pember by the sale of the cow to him ; there was no consideration for the note, and that would be a defense," treats the simple fact that the cow, by reason of a disease upon her at the time of the sale, was at that time worthless, as constituting a want of consideration which avoids the note. An entire want of consideration, or an entire failure of consideration, is a good defense to the entire note. The question is, whether the facts which the jury were required to find in order to find a verdict for the defendant, constitute either a want, or a failure, of consideration, within the meaning of the rule of law on this subject. Nothing appears in this case to take it out of the general rule, that in the purchase of a chattel, with no warranty or fraud on the part of the seller, it is at the risk of the buyer as to defects and unsoundness. In such case, whether the seller has received the price, or not, from the buyer, and the article turns out to have been unsound or defective at the time of the sale, even to the extent of rendering it worthless, the seller is not liable in an action for damages, or to recover back the price paid. If the stipulated price has not been paid, and the seller brings an action to recover it, the same rule applies as to which party should bear the loss resulting from such defects or unsoundness. So far

as the article fails from a defect which is at the risk of the seller —as the want or failure of title of the seller, as to which there is an implied warranty on his part—so far there is a want or failure of consideration. But if the failure of the article is by reason of a defect as to which the buyer takes the risk, there is no want or failure of consideration, in the legal sense of the rule, even if thereby the article is rendered worthless; as the buyer in such case gets and retains what he bought, that is, the property at his own risk as to such defect. The charge of the court was erroneous in this, that it treated the fact that the cow was worthless at the time of the sale, as a want or failure of consideration, and a defense to the note given for the stipulated price, without fraud or warranty on the part of the seller. The plaintiff was entitled to a charge on this point substantially according to the first proposition in his request.

As to the exception to the admission of the testimony objected to, the evidence offered and admitted appears to have been of a general and very indefinite character. Proof that the pair of horses, which H. A. Bryant gave in exchange for a mare and the cow, " *was of small value*," is too indefinite to warrant an inference that he knew the diseased condition of the cow. They might be of small value, and yet not sufficiently so relatively to warrant such inference. The evidence as stated falls far short of showing that he bought the cow at a price so trifling as to furnish evidence that he knew her diseased condition. We do not, however, intend to say that there might not be such a wide difference between the price paid, and the value if sound and free of fault, as to render the evidence admissible as a circumstance.

Under the exception to the charge, the defendant's counsel make the further point and claim, that whatever the law may be in relation to the necessity of proof of a warranty or fraud on the part of the seller, to constitute a defense to an action for the stipulated price, still, in this case there is no error in the charge of which the plaintiff can complain, insisting that it was correct as applicable to the third plea, which does not allege either a warranty or fraud on the part of the seller; claiming that the jury under the charge must have found the third plea proved. But

this proposition is not tenable, as the third plea contains the allegation, among other things, that "in said sale, said Hiram [the seller] represented said cow to be a good cow, and all right." The charge of the court did not require this fact to be found by the jury in order to warrant a verdict for the defendant. This is a material allegation, yet the plea is insufficient for want of an allegation that the seller, at the the time of the sale, knew the cow was diseased. If a defendant claims judgment on the ground that he has proved a plea which is insufficient in law as a defense, he must at least prove so far as he does allege.

Judgment reversed, and new trial granted.