## DANIEL CURRY *vs.* EDWARD F. PORTER.

Suffolk.  March 5. — July 24, 1878.  COLT & SOULE, JJ., absent.

A general exception to the entire charge of a judge to the jury is irregular, and cannot be sustained.

CONTRACT upon a check.  Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, which, after stating the evidence in the case and setting forth the entire charge to the jury, concluded as follows : " Plaintiff's counsel excepted to the charge, and prays that his exceptions may be allowed."

*W. Gaston & C. E. Hubbard*, (*I. W. Richardson* with them,) for the plaintiff.

*E. D. Sohier & L. W. Howes*, for the defendant.

MORTON, J.  This case presents an important question of practice.  The only exception taken at the trial was an exception to the charge of the presiding justice, which is set out in full in the bill of exceptions.  The plaintiff made no requests for instructions, and did not allege exceptions to any specified rulings or directions of the court upon matters of law, but, at the close of the trial, simply " excepted to the charge."

The statute provides that, in all cases, " a party aggrieved by an opinion, ruling, direction or judgment of the court in matters of law, may allege exceptions thereto."  Gen. Sts. *c.* 115, § 7.  This provision imports, and such has been its uniform practical construction, that it is the duty of a party to allege his exception specifically to any ruling or direction in matters of law by which he feels aggrieved, so as to call the attention of the court and of the adverse party to the point excepted to.  To allege an exception to the whole charge is an abuse and evasion of the statute, and leads to great inconvenience and danger of injustice.  The true rule cannot be better stated than in the words of Mr. Justice Story, in *Carver* v. *Jackson*, 4 Pet. 1, 81, and adopted by Chief Justice Marshall, in *Ex parte Crane*, 5 Pet. 190, 198 : " If, indeed, in the summing up, the court should mistake the law, that would justly furnish a ground for an exception.  But the exception should be strictly confined to that misstatement, and by being made known at the moment, would often enable the court to correct an erroneous expression, or to explain or

qualify it, in such a manner as to make it wholly unexceptionable, or perfectly distinct."

There are several cases in this court in which the whole charge has been set out in the bill of exceptions; but this course has been uniformly condemned. *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1. *Commonwealth* v. *Costley*, 118 Mass. 1. In those cases there were specific requests for instructions and exceptions, which were entertained and considered by the court. But in the case at bar, as appears by the bill of exceptions, there was only a bald exception " to the charge."

For the reasons above stated, we are of opinion that this exception was irregularly and improperly taken. See *Harriman* v. *Sanger*, 67 Maine, 442, and cases cited.

*Exceptions overruled.*