## MICHAEL F. DWYER *vs.* CHARLES E. FULLER.

Middlesex.　March 1. — May 9, 1887.　FIELD & C. ALLEN, JJ., absent.

A general exception to the entire charge of the judge to the jury upon one branch of a case, there being no requests for rulings, and no specifications of any objections to the charge, is irregular, and cannot be sustained.

In an action for money had and received, the plaintiff's evidence tended to show that he deposited with the defendant certain shares of stock, and took a receipt for them running to himself, and signed by the defendant, which was lost; and that the defendant sold the shares, and applied the proceeds to the benefit of A., the plaintiff's brother. The defendant's evidence tended to show that the defendant had given only one receipt for the stock in question to the plaintiff, or to any of his family; and that this paper acknowledged the receipt of the shares from A., and not from the plaintiff. There was also evidence that this receipt was shown by the plaintiff's counsel to the defendant's counsel as one of the papers relating to the action, and that it stated that the shares were received from A. *Held*, that the defendant's evidence as to the contents of the receipt was properly admitted.

CONTRACT, upon an account annexed, for money had and received. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*M. H. Swett*, for the plaintiff.

*L. D. Brandeis*, for the defendant.

MORTON, C. J. At the trial, there was evidence on the part of the plaintiff tending to show that he deposited with the defendant fifty shares of stock of the Missouri, Kansas, and Texas Railroad Company; and that the defendant sold them, and applied the proceeds to the benefit of R. J. Dwyer, a brother of the plaintiff. One of the controverted questions of fact was whether the plaintiff had ratified this appropriation of his stock. The bill of exceptions sets out the whole charge of the judge on the subject of ratification, and then says that to "these instructions and rulings the plaintiff excepted." There were no requests for rulings, and no specifications of any objections to the charge.

Such exceptions are irregular and improper, and cannot be entertained by this court. The reasons for this rule are stated in *Curry* v. *Porter*, 125 Mass. 94, and are equally applicable to the case at bar.

The plaintiff excepted to the admission in evidence of the contents of a receipt purporting to be signed by the defendant's agent, which the plaintiff's mother exhibited to the defendant, in which fifty shares of the Missouri, Kansas, and Texas Railroad Company were acknowledged to be received of R. J. Dwyer. There was evidence tending to show that the defendant had given only one receipt for Missouri, Kansas, and Texas Railroad stock to the plaintiff, or to any of his family; and the plaintiff testified that he took from Ellis, the clerk of the defendant, a receipt running to him, which he had lost. The testimony objected to tended to contradict him, and to support the ground taken by the defendant, that he dealt in regard to the stock with R. J. Dwyer, and not with the plaintiff. The plaintiff objected to the receipt, because " no connection between the plaintiff and the party producing the receipt was shown." But beside the close relations, business as well as social, which were shown to exist between the plaintiff and his mother and brother, there was evidence that this same receipt was afterwards shown by the plaintiff's counsel to the counsel of the defendant as one of the papers relating to this action. This connected the plaintiff with the receipt.

*Exceptions overruled.*