EDWARD A. HUNTING *vs.* CHESTER DOWNER.

Suffolk.    January 13, 1890. — February 28, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Pleading — Defence of Fraud — Exceptions.*

In an action on a promissory note, alleged to be given for a loan of money, the answer set up a general denial, a special denial of the signature, and want of consideration in that the plaintiff received it "in part payment of certain stock delivered by him to the defendant, which stock was worthless, and known by the plaintiff to be worthless." At the trial, the defence was that the plaintiff took advantage of his confidential relations with the defendant, and of the latter's broken physical and mental condition, and fraudulently obtained the note in return for stock known by the plaintiff to be valueless, the loan of money being only a pretence. *Held*, that the defence was not open under the answer.

A general exception to the entire charge of the judge to the jury is irregular, and cannot be sustained.

CONTRACT upon a promissory note for fifteen hundred dollars, purporting to be signed by the defendant, made payable to his own order, and indorsed by him to the plaintiff. At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. F. Perkins & A. M. Lyman*, for the defendant.

*A. Hemenway & C. T. Duncklee*, for the plaintiff.

DEVENS, J. It was alleged by the plaintiff, that the consideration of the note in suit was a loan of money made by him to the defendant. The defendant by his answer denied each and every allegation in the plaintiff's declaration, and also the signature of the note, adding as a further answer: " If the plaintiff proves the execution of said note, then the defendant says there was no consideration for said note moving from the plaintiff to the defendant, the said note having been received by the plaintiff in part payment of certain stock delivered by him to the defendant, which stock was worthless, and known by the plaintiff to be worthless."

It was the contention, on behalf of the defendant, that the plaintiff, occupying a confidential relation to the defendant, who looked to him for advice, and who was a man broken in health, and to some extent mentally, had induced the defendant to buy stock in a certain rubber company, which stock was worthless, and that the loan of money was only pretended, the real consideration being the purchase of stock. After the conclusion of the argument, which had been based on this proposed defence, and the reply of the plaintiff, which controverted it, the defendant asked, in substance, first, that the jury should be instructed that if the note was given in part payment for a transfer of the rubber stock, although the form of payment in money was gone through with, and the plaintiff knew that the stock was of no value, and the relations between the plaintiff and the defendant were of such a confidential nature that the defendant was justified in relying on his judgment, the jury would be warranted in returning a verdict for the defendant; and, further, secondly, that if the plaintiff had been the adviser of the defendant in his investments, who was entitled to rely on his judgment, and if the plaintiff knew the stock was worthless, and the note in

suit was given in part payment for the stock, it would be a fraud on the defendant, and the plaintiff could not recover; and, further, thirdly, if the real consideration of the note was the transfer of the rubber stock, and the stock was valueless, and known by the plaintiff to be so, the note was without consideration, and the plaintiff could not recover in this action. The court held that no such issues were properly pleaded, and submitted the case to the jury upon the single issue whether the plaintiff lent the defendant the sum of fifteen hundred dollars actually, and whether the defendant gave the note in suit for it, — whether that was the original note or one for which it had been exchanged, — instructing the jury, if this had been proved by the plaintiff, that the plaintiff was entitled to recover. There had been evidence introduced that the defendant was a broken man, physically and mentally, of his intimate relations with the plaintiff, and of the imposition practised upon him; but the court held that this was not of importance in the present posture of the case, such defence not having been set up in the answer.

By his requests for instructions, the defendant sought to set up, as a distinct defence to the note, that it was obtained by fraud, through the confidential relations which existed between himself and the plaintiff, his own condition, and the right he had to rely on the plaintiff for advice in his investments; and that it was given for stock which was known by the plaintiff to be worthless, the loan of money being but a pretence. The third request for instructions, above recited, does not indeed speak of the confidential relations of the defendant with the plaintiff, but it must be construed with the others, and as seeking to present a similar defence. If presented independently, it certainly should not have been given, as the mere purchase of worthless stock, known by the seller to be such, will not exonerate the buyer from paying the price agreed on therefor, where he has obtained that for which he contracted and where no fraud was practised on him. *Dean* v. *Carruth*, 108 Mass. 242, 245. *Lamert* v. *Heath*, 15 M. & W. 486. *Lawes* v. *Purser*, 6 El. & Bl. 930. *Bryant* v. *Pember*, 45 Vt. 487. Where that which is assumed to be bargained for and sold has no existence, a different principle applies; and for this reason it

has been held that the sale of a void patent, or of a license thereunder, would not be a consideration for a contract. *Harlow* v. *Putnam*, 124 Mass. 553, 556.

The court suggested to the defendant to amend his answer, if he desired to present to the jury the issues raised by these requests, but the defendant declined to do so. The material part of the defendant's answer is a general denial, and, as he states the question in his argument, it is, " Can the consideration of a promissory note in a suit thereon be attacked under a general denial ? " Such is not a fair statement of the inquiry presented. The plaintiff was held to prove affirmatively that the note sued by him was actually given for a loan of money, which he alleged to be the consideration of the note. *Phipps* v. *Mahon*, 141 Mass. 471. *Starratt* v. *Mullen*, 148 Mass. 570. So far as evidence to prove this was met by the defendant's evidence that the note was given for a purchase of worthless stock, and that the loan of money was a pretence only, the defendant had the benefit of it. He sought to go further than this, and to establish as a defence that by reason of his shattered mental condition, his rightful confidence in the plaintiff, and the fraudulent conduct of the plaintiff, he was induced to sign the note, and thus might rightfully avoid it. This was to set up a defence by which, if maintained, the claim of the plaintiff would be defeated, and not merely to deny the averments of the declaration. Whenever a defendant intends to rest his defence upon facts not included in the allegations necessary to the support of the plaintiff's case, he must set them forth in clear and precise terms in the answer, as the plaintiff is not bound to deny in advance any matters which may tend to defeat his action, or show that his claim was illegal or void in its inception. It was correctly ruled, that a defence such as that proposed, resting, as it did, on the alleged fraudulent conduct of the plaintiff, should have been stated in the answer. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Bradford* v. *Tinkham*, 6 Gray, 494.

To the charge as given, the defendant makes several objections. He called attention to no errors therein, nor did he except to any particular portion thereof, but at the conclusion excepted generally thereto. We have heretofore held that a general exception to a charge is irregular, and cannot be sus-

tained.  *Curry* v. *Porter*, 125 Mass. 94.  The theory upon which the charge proceeds we have considered in determining whether it was correctly ruled that the defence sought to be established by the defendant should have been set forth in the answer.  It placed upon the plaintiff the burden of proving the execution of the note, and also of proving that the consideration was the loan of money, while it rejected as a defence the evidence of the defendant's confidence in the plaintiff, of his weak condition mentally, and of any fraud practised upon him, in view of the fact that no defence arising from these circumstances had been included in the answer.  If there are any expressions which are erroneous, or require modification, — and we do not suggest that there are any, — the plaintiff, who called no attention to them at the time, cannot now take advantage of them by way of exception.  *Curry* v. *Porter*, 125 Mass. 94.

*Exceptions overruled.*