## No. 8910.

### WHITT *v.* ORCHARD PRODUCTS COMPANY ET AL.

PLEADING—*Fraud.* A complaint alleging fraudulent representations as to the financial condition of a corporation, inducing the purchase of stock therein, sustained.

*Error to Denver District Court, Hon. A. Watson McHendrie, Judge.*

*Department Two.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. GEORGE O. MARRS, for plaintiff in error.

Mr. FRED W. PARKS, for defendant in error.

Opinion by Mr. Justice Denison.

THIS was an action for false representations inducing plaintiff to purchase stock in the defendant company.

The agreed record on error shows that a general demurrer was sustained to the second amended complaint. An amendment was then added, which was afterwards stricken out by the court, and a demurrer to the complaint was then sustained again, on the ground that the representations stated in the complaint were not such as to be actionable, even though false. The representations were as follows:

(a) That the business of The Orchard Products Company was then a good and profitable business, which had paid in profits and dividends for the year 1912 the sum of $2,000.00, and for the year 1913 $2,200.00.

(b) That the total outstanding indebtedness of said The Orchard Products Company was at that time only $2,500.00.

(c) That the said corporation from its business had always paid dividends since its incorporation.

(d) That the said corporation then had on hand in salable and marketable condition a large stock of manufactured goods reasonably worth the sum of $5,000.00.

(e) That a large quantity of casks and other containers, which were pointed out to this plaintiff by the defendants, were filled with large quantities of pickles, chow chow, fruits, jellies and other products, all in first-class and salable condition and ready to be marketed.

(f) That the said The Orchard Products Company was in a prosperous and paying condition; that it then had a

good will and a good trade, with a sufficient supply of stock in hand and a sufficient number of orders for goods to insure prosperous and profitable dealings in the conduct of its business for several years to come.

The striking out of this amendment and the sustaining of the demurrer are assigned for error.

The complaint, without the amendment, states a cause of action.

The judgment should therefore be reversed, with directions to overrule the demurrer, and give the defendant leave to answer.

Judgment reversed, with directions according to opinion.

Chief Justice Garrigues and Mr. Justice Scott concur.