No. 10,814.

FARIS v. BECK, RECEIVER.

Decided January 7, 1924.   Rehearing denied February 4, 1924.

Action on promissory note.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.  BILLS AND NOTES—*Consideration—Corporate Stock.* The fact that corporate stock, the sale of which is consideration for a note, is worthless, and known to the seller to be such, does not, in the absence of fraud, amount to want of, or failure of consideration, if the maker got what he bargained for.

2.  CORPORATIONS—*Capital Stock—Delivery.* One may not deny the delivery to him of capital stock in a corporation which he has purchased, when it is shown that he voted and treated it as his own; and the fact that no certificate was actually issued and delivered to him, is immaterial.

3.  *Capital Stock—Payment in Dividends—Public Policy.* An agreement with the subscriber of corporate stock that it should be paid for out of the dividends, is against public policy. Even

if valid between the subscriber and the company, it would not be good as between him and a receiver of the corporation.

4.      *Full Paid Stock—Sale.*  Treasury stock which has been issued full paid for cash, property or services, and then donated to the company, may be sold on any terms it sees fit to give.

5.   BILLS AND NOTES—*Payment.*  A provision that a note shall not be paid except from a certain source, varies it in its paramount and most vital respect.

6.   APPEAL AND ERROR—*Directed Verdict.*  Where a good defense is pleaded, and there is evidence to support it, the direction of a verdict for plaintiff, held erroneous.

7.   ESTOPPEL—*Fraud—Waiver—Jury Question.*  In an action on a promissory note, one defense being fraud and misrepresentations, there being no undisputed evidence of estoppel or waiver of the defense, that point was for the jury.

8.   TRIAL—*Court Findings—Jury Questions.*  The court in a jury trial cannot make findings which have any force on questions which upon the record, belong to the jury.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. THOMAS A. NIXON, for plaintiff in error.

Mr. HARRY CLASS, Mr. A. S. CHASE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

FARIS, defendant below, brings error upon a judgment against him on a verdict directed at the close of the evidence, in an action on a promissory note.  He moves for a supersedeas.

Four defenses are pleaded:    (1) That the note was a renewal of one given as purchase price of stock which was worthless and was never delivered and so consideration failed.   (2) That both notes were delivered upon the express condition that defendant would not be required to

pay them except out of dividends of the stock so purchased. (3) That the notes were delivered for the sole purpose of securing for the company the patronage of the defendant in the purchase of goods from it. (4) That to procure such original note said company falsely represented: (a) That it was flourishing and prospering and successful and engaged in manufacturing farm machinery in Brighton, and that the city of Brighton had donated a tract of land for their plant. (b) That it had been earning 12 per cent per annum profit. (c) That it was free from debt. (d) That the stock was worth $15 per share, but they would sell for $12.50. (e) That the company had then on hand enough profits to pay a 12 per cent dividend, and was in such financial condition that the notes would not have to be paid, and that the company would see that the notes were paid out of dividends. (f) That the company was selling to only a few responsible parties to create patronage and local interest. (g) That the company was selling all its stock for $15 per share, but was selling to a few local persons for above purposes. (h) That no commissions on sale of stock were to be paid or would be paid. (i) That the company would not negotiate the note.

The answer further alleged that defendant was induced by said statements to sign the note.

As to the first defense we think the court was right in holding that it was insufficient. It seems that the fact that stock, the sale of which is the consideration for a note, is worthless, and even known to the seller to be worthless, will not, in the absence of fraud, amount to want of or failure of consideration, if the maker got what he bargained for. *Hunting v. Downer,* 151 Mass. 275, 23 N. E. 832, and cases there cited; *Peck Colo. Co. v. Stratton,* 95 Fed. 741; *Otis v. Cullum,* 92 U. S. 447, 23 L. Ed. 496. Such a case should be distinguished from cases like *McCormick Co. v. Brower,* 94 Iowa 144, 62 N. W. 700, where the property sold was intended for a specific purpose. True, the first defense alleged that the stock was never delivered to the

defendant, but the defendant's own evidence on that was such that the court could not have submitted that question to the jury. It was unqualifiedly shown that he voted on it and treated it as his own whether any certificate was actually issued and delivered to him or not.

As to the second defense, if the defendant was a subscriber to the stock, the court was right, we think, in its opinion that the agreement that the stock should be paid for out of dividends was against public policy. Even if valid between him and the company, a point which we need not decide, it could not be valid between him and the receiver, who represents the creditors of the company. *Barnard v. Sweet,* 74 Colo. 302, 221 Pac. 1093, decided at the September term. If, however, the stock was really treasury stock, that is, stock which had been issued full paid for cash, or for property or services at a reasonable valuation (*Barnard v. Sweet, supra*), and then donated to the company, it could, we think, be sold by the company on any terms it saw fit. Yet even then, unless in writing as in *Mulford v. Expl. Co.,* 45 Colo. 81, 100 Pac. 596, there could be no competent evidence of such provision for payment because it changes the terms of the note. A provision that the note shall not be paid except out of a certain source, varies the note in its paramount and most vital respect. The agreement was oral. As to this defense, therefore, we think the court was right. Wigmore on Evidence, § 2443 et seq.; *Mumford v. Tolman,* 157 Ill. 258.

As to the third defense we need say no more than we have said.

The fourth defense, however, is good as pleaded, *Whitt v. Orchard Prod. Co.,* 65 Colo. 585, 178 Pac. 570. The statements (a), (b), (c), and so much of (e) as refers to the profits on hand, and perhaps others, if false, are sufficient to defeat the note, and, since there was evidence to support them, the defendant had a right to a verdict upon them. The direction of the verdict by the court was therefore erroneous.

But plaintiff says that defendant is estopped to say that he was deceived, that he waived the fraud by failure to rescind on discovery, that he made no objection for fraud until he answered, and that his own evidence shows that his testimony of representations made to him is not true. We see no undisputed evidence of estoppel or waiver, because it is not unquestionably shown that the defendant knew the falsity of the statements for an unreasonable time before this suit was begun and fraud set up in his answer; this point, therefore, should have been left to the jury. True, things appear in his evidence which tend to discredit his testimony that these representations were made, yet the question whether they were made was for the jury. It is urged that the court found so and so; but the court in a jury trial cannot make findings which have any force on questions which upon the record belong to the jury.

Both sides have asked us to determine the case finally on this motion.

Judgment reversed and cause remanded for a new trial.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.