## No. 11,824.

### INDEX SHALE OIL COMPANY *v.* WHEELER.

Decided April 25, 1927.   Rehearing denied May 16, 1927.

Action on promissory note.   Judgment for plaintiff.

*Affirmed.*

## On Application for Supersedeas.

1.   CONTRACT—*Parol Evidence.*   A written contract cannot be contradicted, changed or varied by evidence of an oral agreement between the parties made before or at the time of such contract.

2.   EVIDENCE—*Written Contract—Oral Agreement.*   Where a newly formed corporation in taking over property of another company agreed to pay certain indebtedness of the transferrer, an alleged oral agreement that the indebtedness was to be paid only after the new company became a going concern and out of the profits of its business, held a violation of the original agreement, and inadmissible in evidence.

3.   BILLS AND NOTES—*Defense—Estoppel.*   In an action against a corporation on a promissory note of another which it had agreed to pay, defenses that the note was transferred to plaintiff after maturity and that he was bound by an oral agreement as to the time and method of payment, and that being a party to the oral agreement he was estopped from attempting to enforce payment, held not good.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. JOHN L. NOONAN, Mr. W. F. NOONAN, for plaintiff in error.

Messrs. LINDSEY & LARWILL, Mr. D. K. WOLFE, JR., for defendant in error.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

DEFENDANT in error, plaintiff below, brought suit against plaintiff in error upon a promissory note to recover $5,000 and interest. The parties will be referred to here 'as in the trial court. The complaint alleged that the Champion Oil Shale and Refining Company, hereinafter designated as the Champion Company executed and delivered its promissory note, bearing date July 3, 1920, for the sum of $5,000, to J. A. Wilson, payable on January 3, 1921; that thereafter Wilson sold and transferred the note to Elizabeth A. Wilson, who thereafter sold and transferred it to the plaintiff Wheeler; that on January 3, 1921, there was paid and endorsed on the note the sum of $382.15, and on March 1, 1921, the further sum of $1,492.50. The complaint further alleged that after the execution and delivery of the note, the Champion Company sold and "conveyed out" all of its assets and property to the defendant Index Company, in consideration of certain of the capital stock of defendant, and the assumption, by defendant, of not exceeding $10,000 of the obligations of the Champion Company, within which was included the above mentioned promissory note, by reason of which the defendant became liable upon said note to the plaintiff; that by reason of the foregoing the real estate, described in the complaint, conveyed by the Champion Company to the defendant, became impressed with an implied trust to make the amount of the note and interest, and asks that the same be so declared.

The defendant made default and judgment was rendered for plaintiff. Thereafter the judgment was set aside.

The amended answer of defendant admits the execution and delivery of the note; admits that by the transfers mentioned plaintiff became the owner and holder thereof; admits the payments alleged, and that the balance is

unpaid; admits the sale and conveyance by the Champion Company to the defendant of all of the property of the Champion Company, as alleged; admits the assumption by defendant of the Champion Company's obligations, including defendant's assumption of the payment of plaintiff's note; denies that the property conveyed by the Champion Company to the defendant company was impressed with an implied or trust of any kind.

The answer then sets up three separate defenses. For its first defense, the answer alleges, in substance, that on October 9, 1920, the Champion Company entered into a contract with one Brown; that by this agreement the Champion Company agreed to transfer all of its property to a company which Brown agreed to cause to be organized under the laws of Colorado, in consideration of the assumption of certain debts of the Champion Company by the company to be organized, not exceeding the sum of $10,000, and in the further consideration of the issuance and delivery to the Champion Company of shares of the capital stock of the company to be organized of $100,000 par value; that thereafter Brown caused to be organized and incorporated the defendant Index Company; that the defendant was organized for the purpose of compliance with the agreement of October 9; that thereafter Brown sold and transferred to the defendant company all of his right and interest in the contract of October 9, and that this contract, and the assignment thereof by Brown, were later accepted, assumed and agreed to by the defendant company, through a resolution adopted by its board of directors October 21, 1920; that on October 25, 1920, the Champion Company, acting through Sanders, its president, and Wheeler, plaintiff herein, who was then the secretary of the company, approved and accepted the assignment to the Index Company of all the rights of Brown in the contract of October 9; that by the resolution of October 21, defendant company assumed the contract of October 9, and assumed

the debts and liabilities of the Champion Company, in an amount not to exceed the sum of $10,000, included within which was an express assumption of the Champion Company indebtedness to Wilson, in the sum of $5,000; that J. A. Wilson, at the date of the execution of the note, was the president and director of, and at all times therein mentioned a stockholder in, the Champion Company; that defendant company was not organized or incorporated on October 9, and was not organized or incorporated until some time subsequent thereto; that at all times the plaintiff, Wheeler, was a stockholder, director and secretary of the Champion Company, and upon the incorporation of the defendant company, plaintiff was one of the original incorporators, named as such in the articles of incorporation, and was a stockholder of defendant company and a member of its first board of directors, and as such participated in all of the proceedings and transactions of both companies; that he had full personal and actual knowledge, as a stockholder, director and officer of both of the companies, of all matters alleged in the answer.

The answer further avers that at and prior to the date of the agreement of October 9, the Champion Company was insolvent and unable to meet its obligations, or to pay the Wilson note; that the note was then of a value of less than $2,000, on account of the financial condition of the Champion Company; that the object of the Champion Company, in making the agreement of October 9, was that a means might be found for the payment of the Wilson note, and other claims against the Champion Company, not exceeding the sum of $10,000; that defendant company was organized for the purposes of commercially producing and marketing oil and other hydrocarbons, and by-products from oil shale; that had not the agreement of October 9 been entered into, the Wilson note and other claims against the Champion Company would have been worthless, and the oil shale prop-

erties, conveyed by the Champion Company to defendant company, would have been lost and forfeited because of the Champion Company's lack of funds to do the assessment work.

The answer then alleges as follows:

"6. That at the time of the aforesaid purchase of the assets of the Champion Company by the Index Company, and likewise at the time of and contemporaneously with the assumption by said Index Company of the obligations of the Champion Company, not exceeding the sum of $10,000 as hereinbefore recited, a parol agreement with respect to said note of J. A. Wilson and the time of payment thereof, was made and entered into by and between said Champion Company, its officers and directors, including said J. A. Wilson, said Index Company, its incorporators, officers and directors, including the plaintiff, Edward B. Wheeler, said J. A. Wilson personally, said Edward B. Wheeler, personally, and said Elizabeth A. Wilson (to whom, as defendant alleges, said note was endorsed by said J. A. Wilson). That at the date and time of such agreement said J. A. Wilson was the owner of said $5,000 note. That such agreement was so made and entered into by and between the parties aforesaid as a condition and consideration of such purchase and assumption by said Index Company, and, as defendant alleges, to induce the same, and as a consideration, condition and inducement of the purchase and assumption by said Index Company of the contract of which Exhibit 'A' is a copy. That in and by the parol agreement aforesaid, the parties thereto, as hereinbefore specified, and including the plaintiff, agreed that payment of said note of J. A. Wilson was not to be made until such time as the Index Company was fully organized and financed, its plant completed and in commercial operation, and its business established as a going concern, the defendant alleging that it was agreed, by and between the parties aforesaid, that the time of payment of such note should be and was thereby extended until such time,

all to the end, as defendant further alleges, that such note should be paid by the defendant only out of and from the first profits realized from the operation of the business and plant of said Index Company, and not otherwise.''

The answer then further alleged that the defendant company has never been so financed as to be obligated to make payment of the Wilson note; ''that the plant of said Index Company has never been completed or in commercial operation, nor has its business been established as a going concern, nor have any profits ever been realized therefrom;'' that the condition of the defendant company was not due to any default or omission on its part, but was due to certain acts and misconduct on the part of the plaintiff; that plaintiff had wilfully and maliciously hindered and obstructed the development and progress of the company; that by reason of the foregoing facts the note sued on has never become due and payable.

The second and further answer is to the effect that the note was transferred to plaintiff after its face maturity, and without consideration, and that Wheeler was bound by the parol agreement with respect to the time of the payment of the note.

The third defense is that defendant relied upon the parol agreement and was thereby induced to, and did, agree to assume the payment of the note; that plaintiff was a party to the agreement and had full knowledge thereof, and knew that the defendant was thereby induced to assume the payment of the note; that plaintiff was estopped thereby from attempting to enforce payment.

Plaintiff demurred generally to each of the three separate defenses. Demurrer sustained. Defendant electing to stand by its answer and declining to plead further, judgment was entered for the plaintiff for the amount claimed, and a further judgment that the real estate conveyed by the Champion Company to defend-

ant company should stand impressed with an implied trust to make the amount of the judgment and costs, and ordered that the property be sold for that purpose. Defendant prosecutes error and applies for supersedeas.

The contention of defendant is that under its amended answer it is in the same position, as regards its alleged conditional assumption, as is the maker of a promissory note who delivers the same conditionally, and that while recognizing the general rule that a written contract cannot be contradicted, changed or varied by evidence of an oral agreement between the parties, made before or at the time of such contract, its answer falls within an exception to the general rule.

To sustain its position, defendant chiefly relies upon *George v. Williams,* 27 Colo. App. 400, 404, 149 Pac. 837, and the cases therein cited, and also section 3833, C. L. 1921.

It is true that many exceptions have been grafted upon the general rule, which may be said to have almost effaced the rule itself. As said in *Greenawalt v. Kohne,* 85 Pa. 369, quoted in *George v. Williams, supra*: ''The exceptions, indeed, have in many instances almost eaten out the heart of the rule itself.''

The following cases, in this jurisdiction, support the general rule: *Drummond v. Carson,* 4 Colo. 13; *Fitzgerald v. Burke,* 14 Colo. 559, 561, 23 Pac. 993; *Welles v. Colorado Co.,* 49 Colo. 508, 510, 113 Pac. 524; *Cooper v. German National Bank,* 9 Colo. App. 169, 180, 47 Pac. 1041; *Harvey v. D. & R. G. R. R. Co.,* 44 Colo. 258, 269, 99 Pac. 31, 130 Am. St. Rep. 120; *Faris v. Beck,* 74 Colo. 480, 483, 222 Pac. 652.

In *Faris v. Beck, supra,* Mr. Justice Denison said: ''A provision that the note shall not be paid except out of a certain source, varies the note in its paramount and most vital respect. The agreement was oral. As to this defense, therefore, we think the Court was right''—citing Wigmore on Evidence, § 2443, et seq.; *Mumford v. Tolman,* 157 Ill. 258.

The general rule is recognized in *George v. Williams, supra.*

It will be observed that the Index Company, by its resolution in writing, "duly assumed said contract of October 9, 1920, and likewise assumed all and singular the debts and liabilities of the Champion Company, in an amount not to exceed the sum of $10,000, however as provided in said Exhibit A included within which assumption expressly was the obligation of said Champion Company to one J. A. Wilson in the sum of $5,000, which obligation was evidenced by and is the note of said Champion Company to said Wilson, as such note is referred to in paragraph 2 of plaintiff's complaint." This quotation is from defendant's answer.

The assumption of the Wilson note was made upon condition of the performance by the Champion Company, of the conditions of sale in the resolution enumerated, which conditions were met.

An analysis of the alleged parol agreement shows that it very materially changes and varies the terms of the promissory note and of the Index Company's assumption of it. The note and the assumption were absolute promises to pay at a definite time a definite sum of money, unconditionally.

The agreement between Brown and the Champion Company expressly provided that the Champion Company should convey all of its property to a company to be organized by Brown, and in consideration therefor the company to be so organized should issue to the Champion Company $100,000 par value of its capital stock, and assume the indebtedness of the Champion Company, not to exceed $10,000. The Wilson note was not expressly mentioned in that agreement, but, as shown by the answer, it was understood to have been included in that agreement. The facts alleged in the answer would utterly destroy the negotiability of the note, as well as the note itself.

If this case comes within any exception to the general rule, then we cannot conceive of any case falling within the rule.

Our attention is directed to section 3833, C. L. 1921, wherein it is provided that: ''Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto,''—and to *Hall v. Farmers Bank,* 74 Colo. 165, 220 Pac. 237. In that case, Mr. Justice Campbell, speaking for the court, said: ''It is only by reason of section 16 of the Negotiable Instruments Act, (section 3833 C. L. 1921), that a conditional delivery can be shown by a parol contemporaneous agreement to defeat recovery on the notes. This parol agreement must be, not prior to, but contemporaneous with, the delivery.''

This case seems to be relied upon by defendant as sustaining its position that the word ''assumption'' is synonymous with the word ''delivery.''

The question of conditional delivery of a written instrument, within the meaning of that section, we think, is quite different from the question here of the assumption by defendant of the Wilson note, and of the contract between the Champion Company and Brown.

The defenses set forth in the second and third further defenses of the answer must fail with the first, and need not be further considered.

The demurrer was properly sustained. Judgment affirmed.