No. 18,881.

KING COLLECTION BUREAU *v.* A. L. BRUNS, ET AL.
(354 P. [2d] 609)

Decided August 8, 1960.

Mr. ROBERT E. COLE, for plaintiff in error.

Mr. ERNEST O. TULLIS, for defendants in error.

*In Department.*

PER CURIAM.

THE parties are here in the same order they appeared

in the trial court where plaintiff in error was plaintiff and defendants in error were defendants. We shall refer to them as they there appeared.

The action is on a promissory note for $3,175.00 executed by the defendants on December 13, 1955, due December 13, 1957. Plaintiff is the assignee of the original holder.

The complaint set out the note asserting that it had not been paid, and judgment prayed for the principal sum plus interest. The defendants by answer alleged that the note contained the following clause:

"This note can be repaid by the return of the participating production certificates and common stock," and specifically described certain participating production certificates and common stock which they alleged were intended as the certificates and stock referred to in the note. They further alleged that under this clause the defendants had the option of paying the note in cash or by the return of the mentioned securities.

The defendants deposited the securities in court for the purpose of discharging the note. Plaintiff by reply admitted that the note contained the clause quoted, admitted that the participating production certificates and the common stock described by defendants were the particular certificates and stock referred to in the note, but denied that defendants had the option of paying the note by return of the certificates. It further alleged that the certificates were purchased by the defendants upon the promise that if a merger of a certain corporation with another corporation were accomplished the note would then be paid in money; that this merger of the two corporations had been accomplished; that the certificates and stock sold to the defendants was conditional upon this merger and that the merger having been accomplished the condition was met and the defendants owed the principal amount of the note in money.

The defendants then filed a motion for summary judgment, and after argument thereon judgment was en-

tered for the defendants, and the plaintiff is here on writ of error.

Plaintiff argues that the trial court erred in entering summary judgment for the defendants, claiming that there were issues of fact raised by the plaintiff's reply; that the terms of the note are ambiguous and that it should be permitted to show by parol evidence the intent of the parties.

It urges that the clause in the note, "This note can be repaid by the return of the participating production certificates and common stock" is so unusual and is so foreign to a promissory note that by including it the note on its face becomes ambiguous and that parol evidence should be permitted to show the intention of the parties.

■ The only ambiguity or uncertainty is the identity of the participating production certificates and common stock referred to in the note, and the defendants by their answer having described the certificates and common stock, and plaintiff by its reply admitting the identity of the certificates and stock, we have a situation where the pleadings dispose of any ambiguity appearing on the face of the note. By such allegations and admissions in the pleadings, the phrase loses its ambiguity and does not require parol evidence to explain any portion thereof. The note considered in the light of the pleadings is clear in its intent, that is, the defendants may discharge it by payment in cash or by the return of the certificates and stock.

The trial court in rendering judgment for the defendants stated, " * * * That all issues attempted to be raised in plaintiff's reply tend to vary or contradict the plain terms of a written instrument and are in violation of the parol evidence rule * * *."

■ Upon the face of the note it can be determined that the principal and interest due thereon can be paid by the return of the certificates and stock. This note is the written contract sued upon and the parol evidence offered by the plaintiff would clearly contradict the

terms of the instrument in violation of the parol evidence rule.

In *Index Shale Oil Company v. Wheeler,* 81 Colo. 402, 255 Pac. 982, a similar question arose. An attempt was made to plead a parol agreement, and the court held:

"An analysis of the alleged parol agreement shows that it very materially changes and varies the terms of the promissory note and of the Index Company's assumption of it. The note and the assumption were absolute promises to pay at a definite time a definite sum of money, unconditionally."

There being no issue of fact remaining for determination, the trial court correctly entered judgment for the defendants. Accordingly, the judgment is affirmed.

Mr. Chief Justice Sutton, Mr. Justice Moore and Mr. Justice Day concur.